[Civ. No. 2216. Second Appellate District.—February 17, 1917.]

JOSEPH M. SHULL, Respondent, v. W. H. CRAWFORD, Appellant.

CANCELLATION OF MORTGAGE—PURCHASE PRICE OF AGENCY CONTRACT—FAILURE OF CONSIDERATION—RIGHT OF PURCHASER.—In an action to cancel a conveyance given as a mortgage to secure the payment of the purchase price of a contract giving the right of sale of subagencies for the sale of washing-machines, the defendant is not entitled to foreclose the mortgage and leave plaintiff to an action for damages, but the plaintiff, as a defense to the foreclosure, is entitled to show a failure of consideration for which the mortgage was given.

ID.—TOTAL FAILURE OF CONSIDERATION—NOTICE OF RESCISSION.—Where there is a total failure of consideration, it is not necessary to give notice of rescission before bringing suit to cancel the contract.

APPEAL from a judgment of the Superior Court of Riverside County, and from an order denying a new trial. W. H. Thomas, Judge.

The facts are stated in the opinion of the court.

Miguel Estudillo, for Appellant.

McFarland & Irving, for Respondent.

SHAW, J.—This action was brought to cancel and annul a certain conveyance of real estate made by plaintiff and his wife to defendant, which instrument, while in form a deed absolute, was in fact conceded to have been given as a mortgage to secure an alleged indebtedness due from plaintiff to defendant. The appeal is from a judgment in favor of the plaintiff and an order of court denying defendant's motion for a new trial.

It appears that a corporation known as the Domestic Utilities Manufacturing Company was engaged in the manufacture and sale of what was known on the market as the "Vacuum Clothes Washer." The company had adopted a lengthy, complex, and confused form of agency contract in appointing agents and making sales of its washers to those who could be induced to purchase the same in lots of 1,667, and whereby the purchaser was allotted the exclusive right to operate in territory selected and agreed upon. The form and substance of this contract was, if not intended as a means for the perpetration of fraud, well calculated to deceive the unwary and appeal to the gullible, for the reason that, while the purchaser was required to pay five thousand dollars for which he received 1,667 washing-machines, it gave him the right, provided he could find persons equally unsophisticated, to sell like contracts for five thousand dollars, for each of which he was to retain as his commission $3,333, the balance of $1,667 going to the company for the 1,667 washing-machines which it furnished to the purchaser of the contract, who likewise was given the right, upon like inducement, to search for "prospects" and, if found, develop them if pos-

sible. The evidence, however, shows that to render one a successful agent in selling the vacuum washing-machines, and particularly in selling the contracts, from which latter the profits were to be derived, required that the agent or purchaser be "posted, informed, and educated"; so the contract provided that an agent making a sale of "family rights," or to persons to whom he might sell "said articles at wholesale," or those "appointed as subagents," should "post, inform, and educate" them. Whether or not defendant was the holder of one of these valuable contracts is immaterial; at all events, it appears that he was authorized to sell the same, and selected Riverside as a fertile field for operation, and where it seems his labor was rewarded by the discovery of plaintiff, who was recognized as a "likely prospect." Defendant, it seems, was what is known as a "live wire" in the business, and without much effort convinced plaintiff that he, too, upon being "posted, informed, and educated," could with like success find unsophisticated individuals whom he could induce to buy the privilege of making like sales in this endless chain scheme.

On September 22, 1911, defendant consummated the sale of a contract to plaintiff, under which the latter was appointed the duly authorized agent of the company in the territory embracing the city of San Diego, and received the 1,667 vacuum clothes-washers, with the power to sell like contracts of agency, for which washers he paid defendant, as the agent of the company, the sum of $1,667, and at the same time executed to defendant the mortgage as security to him for the payment of his commission of $3,333, which plaintiff knew he was to receive. In his complaint plaintiff alleges, and the evidence shows, that, in consideration of his purchase of said contract, the defendant orally promised and agreed that he would "post, inform, and educate" plaintiff with reference to said clothes-washer, so that he would fully understand how to operate and demonstrate the same to the best possible advantage, and enable him to secure the appointment of other agents and subagents; and further agreed "that upon said plaintiff's selecting the territory in which he desired to have the exclusive right to sell said washers, that said defendant, Crawford, would accompany said plaintiff to said territory, and would put on lectures for a period of two months, said lectures to be delivered daily during said

period with the exception of Sundays." That plaintiff selected the city of San Diego as territory, where he opened offices for the transaction of said business, and demanded that defendant put on lectures for the purpose of demonstrating and assisting him in the sale of said washers, but that defendant at all times refused to comply with said demand and deliver said lectures, or to post, inform, and educate plaintiff in the use of the same or demonstration thereof. "That the said agreement on the part of the said defendant Crawford to put on said lectures as hereinbefore alleged, and to educate, post, and inform said Shull in the use of said washers and in the methods to be pursued in securing other agents and subagents for the said company was the sole and only consideration which induced the said plaintiff Shull to enter into said agreement with said defendant Crawford, or to accept an appointment as agent of said corporation, or to execute said contract as agent with said corporation, or give said note for $3,333 secured as hereinabove alleged. That said plaintiff Shull has, by reason of the failure of said defendant Crawford to put on said lectures and instruct and inform and post him in the use of said washers, been unable to sell said washers or to interest the public therein or to secure other agents or subagents for said company." That had plaintiff known that said Crawford would not fulfill his said agreement plaintiff would not have purchased said contract and would not have given the mortgage to secure to defendant the payment from him of said sum of $3,333; all of which allegations the court, in effect, found to be true. It is also alleged that said deed so given as a mortgage, if left outstanding, would constitute a cloud upon plaintiff's title to the real property therein described. The theory of the complaint and that upon which the action was tried was that the mortgage was given to defendant, which in fact it was, and not to the Utilities Company, which received from plaintiff all that was due to it; that the consideration for the mortgage so made to defendant was his agreement to perform certain services, without which promise plaintiff would not have bought the contract so made by the Utilities Company, sale of which was made to him by defendant; that defendant refused to perform the services constituting the consideration for the sale so made by defendant to plaintiff, and upon the ground of a failure of consideration moving to plaintiff

from defendant, there remains nothing upon which to found plaintiff's promise to pay to defendant the $3,333 for which the mortgage was given; and likewise for a failure of consideration defendant is not entitled to a foreclosure of the mortgage, which he sought by a cross-complaint. Plaintiff was not seeking to rescind the written contract made with the Utilities Company under and by virtue of which he obtained the 1,667 washing-machines, but sought to rescind the oral agreement made with defendant whereby he was induced to enter into the written contract, for failure to perform the services in consideration of which plaintiff purchased the contract, and to have the mortgage constituting a cloud upon his real estate set aside and annulled. Section 1689 of the Civil Code provides that a party to a contract may rescind the same if the consideration therefor becomes entirely void from any cause. The consideration for the purchase of the contract was defendant's promise of sixty days' services in posting and educating plaintiff in the operation and demonstration of said machines and assisting him in the making of sales of five thousand dollar agency contracts at a profit of $3,333, as well as washing-machines, which promise defendant refused to perform. Nevertheless, appellant contends that he is entitled to foreclose the said mortgage and leave plaintiff to an action for damages. To our minds, such a course, under the circumstances of this case, would be highly inequitable. In support of this contention counsel for appellant cites the cases of *Lawrence* v. *Gayetty,* 78 Cal. 126, 132, [12 Am. St. Rep. 290, 20 Pac. 382], and *Schott* v. *Schott,* 168 Cal. 342, [143 Pac. 595], in which the plaintiffs sought to have deeds which had been made and delivered upon the promise of the grantees to support the plaintiffs during their lives set aside. Such relief was denied upon the ground that the transaction constituted a fully executed contract. Such, however, is not the case here. It is an unexecuted contract like that involved in *Howlin* v. *Castro,* 136 Cal. 605, [69 Pac. 299]. Plaintiff has not parted with his property, but has merely given a mortgage thereon to secure his promise to pay defendant $3,333, which the defendant by a cross-complaint is seeking to enforce. To our minds, plaintiff, as a defense to the foreclosure action, is entitled to show a failure of the consideration for which the mortgage was given; and if this be true, it must follow that he has the right to maintain an

action to remove the cloud from the title to his property. There was a total failure of consideration for plaintiff's promise to defendant, and hence it was not necessary to give notice of rescission before bringing suit to cancel the mortgage. (*Glass* v. *Glass*, 4 Cal. App. 604, [88 Pac. 734]; *Richter* v. *Union Land etc. Co.*, 129 Cal. 367, [62 Pac. 39].) In our opinion, not only did the complaint state a cause of action, but the findings to the effect that the allegations of the complaint were true support the judgment, and they in turn are supported by the evidence. The action is not based upon fraud, either constructive or actual, of the Utilities Company, nor that of defendant, but solely upon the ground that since defendant failed to perform the promise in consideration of which the mortgage was given, it would be inequitable to enforce it.

Numerous complaints are made as to rulings of the court in admitting evidence. These alleged errors are based upon appellant's contention that the action was one to rescind the contract between plaintiff and the Utilities Company, instead of which the rulings were based upon the theory of the court that the subject of the litigation was the oral contract made between plaintiff and defendant, which plaintiff sought to have annulled for want of consideration. Considered upon this theory, we find no prejudicial error in the rulings of the court. Nor was defendant prejudiced by reason of the court permitting plaintiff to file an amended complaint after notice. Even should we concede such error, it could not be said that it resulted in a miscarriage of justice. (Const., sec. 4½, art. VI.)

In our opinion the judgment and order appealed from should be affirmed, and it is so ordered.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 16, 1917.