[Civ. No. 16145.   Second Dist., Div. Two.   Feb. 6, 1948.]

HERLINDA R. SPARKS, Appellant, v. ANGELINA RIOS MENDOZA et al., Respondents.

Charles E. Hobart for Appellant.

Sarah B. Danning for Respondents.

McCOMB, J.—This is an appeal from a judgment in favor of defendants after trial before the court without a jury in an action to quiet title to a parcel of real property.

The evidence being viewed in the light most favorable to defendants (respondents) the essential facts are:

Herlinda S. Rios, of Mexican descent, came to the United States with her husband from the Republic of Mexico in 1913. The family settled in Alton, Illinois. Thereafter the husband returned to Mexico and later died leaving surviving him his widow and a number of children including the plaintiff, Herlinda S. Sparks. All the children worked and contributed to their mother's support. Out of the money contributed by her children Mrs. Rios purchased and paid for a house in Alton, Illinois. In 1937, plaintiff and her husband came to California. In 1938, Mrs. Rios requested plaintiff to come to Alton, Illinois "to look after her business affairs there." Plaintiff had assisted her mother in business transactions from the time she was a little girl because the mother was ignorant of business affairs and of the English language. Mrs. Rios spoke broken English, and could not quite understand all that she read.

In response to Mrs. Rios's request, plaintiff went to Alton, Illinois in 1938, and assisted her mother in her business including the arrangement for a loan of $4,000 on the real

estate which she owned in Alton. From this loan plaintiff paid some of her mother's bills and then returned to California, bringing her mother with her. After their arrival in California they commenced looking for a piece of property for the mother to purchase. In March, 1939, the Lindy-Anne Apartments, 1807 Glendale Boulevard, Los Angeles, California, were purchased by Mrs. Rios for the sum of $25,500 with a down payment of $2,800. The down payment on the property was made from the money borrowed on the Alton, Illinois, property. The purchase price included the furniture, furnishings and equipment of the apartment house. This apartment house is the property which is the subject of the present litigation. All the negotiations for this property were handled by plaintiff for her mother.

Mrs. Rios, plaintiff and plaintiff's husband went into possession of the property and shared an apartment in it until May, 1943. Plaintiff testified that in October, 1940, Mrs. Rios stated to her that "she wished to give this property [the Lindy-Anne Apartments] over to me in case of her death"; and that her mother telephoned to one Richard Madrid [now deceased] who was a secretary in some law office telling him that she wanted to make out a deed and "leave the real estate [Lindy-Anne Apartments] to me [plaintiff]"; that a quitclaim deed dated October 23, 1940, was prepared by Mr. Madrid, delivered to Mrs. Rios and acknowledged before a notary public named Mary L. Carson. The notary public at the time of the trial had left the State of California and did not testify nor was her deposition offered in evidence. After the deed had been signed it was handed to plaintiff.

In May, 1943, the Lindy-Anne Apartments were leased by Mrs. Rios and thereafter Mrs. Rios collected all rents from the apartments and executed receipts therefor. In addition, she paid all installments of principal and interest which became due against the property, and all bills including taxes. Subsequent to the execution of the lease Mrs. Rios consented to an assignment of it to various persons and thereafter she executed an extension agreement, for the payment of encumbrances against the property, which was obtained by plaintiff as agent for her mother. This agreement contained the following provision: "*The first party* (grantor) *is the owner* [Mrs. Rios] of said property free and clear, except for the above trust deeds and taxes and she agrees to pay

said notes as provided therein and as provided by this agreement, and to be and remain subject to the terms of said trust deed.'' (Italics added.)

On February 28, 1944, Mrs. Rios died leaving surviving her nine children including plaintiff. A will was left distributing her property among her various children. On March 24, 1944, plaintiff placed the above mentioned quitclaim deed of record and filed the present action in November, 1944. The trial court gave judgment in favor of defendants.

This is the sole question necessary for us to determine:

*Is there substantial evidence to sustain the trial court's finding that the quitclaim deed dated October 23, 1940, was never delivered?*

This question must be answered in the affirmative and is governed by these pertinent rules of law:

1. Where the relationship between the parties is that of parent and child and the parent relies on the child for advice in business matters, a gift *inter vivos,* from the parent to the child which is without consideration and where the parent does not have independent advice, is presumed to be fraudulent and to have been made under undue influence. (*Campbell* v. *Genshlea,* 180 Cal. 213, 224 [180 P. 336]; *Laherty* v. *Connell,* 64 Cal.App.2d 355, 362 [148 P.2d 895]; *Myrick* v. *Bruetsch,* 13 Cal.App.2d 219, 223 et seq. [56 P.2d 591].)

2. If a confidential relationship exists between a grantor and grantee and there is no consideration, a presumption of fraud and undue influence arises, shifting the burden of proof to the grantee to show fairness and good faith in the transaction, and upon his failure to do so the presumption of fraud and undue influence prevails and will support a finding that there was not a delivery of a deed. (*Johnson* v. *Clark,* 7 Cal.2d 529, 534 et seq. [61 P.2d 767]; *Estate of Miller,* 16 Cal.App.2d 141, 152 et seq. [60 P.2d 492]; *Longmire* v. *Kruger,* 80 Cal.App. 230, 239 et seq. [251 P. 692]; *Bacon* v. *Soule,* 19 Cal.App. 428, 434 et seq. [126 P. 384].)

Applying the foregoing rules to the facts in the present case it appears that there was a confidential relationship between decedent grantor and plaintiff since the evidence discloses that (a) decedent was not familiar with the English language, (b) plaintiff acted as her mother's agent and adviser in various business transactions, (c) the mother had

received no independent advice before executing the deed in question, and (d) there was no consideration for the deed.

Hence under rule (1), *supra*, a presumption of fraud and undue influence arose. The burden was therefore cast upon plaintiff to show that the transaction was free from fraud and undue influence, and in all particulars fair. Since plaintiff failed to meet this burden, under rule (2), *supra*, the finding of the trial court that the deed was not delivered was supported by substantial evidence. Since the grantor, Mrs. Rios, was acting under fraud and undue influence at the time she handed the deed to plaintiff she did not have the present intention to convey the property to her daughter. One of the essential elements of delivery is a present intention upon the part of the grantor to part with title to the property conveyed. (*Dinneen* v. *Younger*, 57 Cal.App. 2d 200, 204 [134 P.2d 323].) The finding that the deed was not delivered necessarily impelled a judgment in favor of defendants.

In view of the fact that we hold that the finding of the trial court that the deed was not delivered was supported by substantial evidence, plaintiff has failed to support by substantial evidence a material allegation of her complaint.

It is therefore immaterial whether other findings of the trial court adverse to plaintiff's contentions are sustained by substantial evidence and we express no opinion upon the subject.

The judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 1, 1948.