[L. A. No. 25897. In Bank. Apr. 20, 1961.]

EDITH SMITH, Appellant, v. HENRY WILLIAMS,
Respondent.

618

Leonard Nasatir for Appellant.

Dale H. Heinly for Respondent.

SCHAUER, J.—Plaintiff appeals from a judgment of dismissal entered following the sustaining of both a general and special demurrer to her complaint, and her failure to amend within the time allowed. As hereinafter appears, we have concluded that plaintiff's pleading was sufficient, that the demurrers should have been overruled, and that the judgment should be reversed.

Plaintiff's complaint, couched in three purported causes of action, is entitled "Cancellation, Damages and Quiet Title." Defendant-respondent Williams, one of the six defendants named in the complaint, demurred generally as to each of the three causes of action, and specially as to the first and second causes. The demurrer was sustained, with 20 days allowed

plaintiff within which to amend. She declined to amend, judgment of dismissal was entered, and this appeal followed.

Plaintiff contends on appeal that she has pleaded three valid causes of action in her complaint, that the demurrer should have been overruled, and that the judgment should therefore be reversed.

Plaintiff by her first alleged cause of action seeks cancellation upon the ground of fraud of a deed of trust to real property in which she owned an interest; she also asks exemplary damages in the sum of $50,000. By the second cause of action she seeks to set aside a foreclosure sale to defendant Williams under the just mentioned deed of trust, upon the ground that notice of default and of sale had not been given as required by the terms of the deed of trust and by law. By the third cause of action plaintiff seeks to quiet title to the subject real property. Williams demurred generally to each purported cause of action, and also demurred to the first and second causes upon the ground of uncertainty in specified particulars.

 Although the complaint could be more certain in some respects, the asserted uncertainties are not sufficient to warrant the sustaining of the demurrer on that ground. The allegations are sufficiently clear to apprise the defendant of the issues he is to meet. (See *Lord* v. *Garland* (1946), 27 Cal. 2d 840, 853 [22] [168 P.2d 5]; *People* v. *Lim* (1941), 18 Cal. 2d 872, 882-883 [7] [118 P.2d 472]; *Bacon* v. *Wahrhaftig* (1950), 97 Cal.App.2d 599, 605 [6] [218 P.2d 144].) On appeal, defendant has not contended otherwise.[1]

Plaintiff in her first cause of action alleges in substance that all of the defendants, except defendant title company, are associated together in the business of furnishing bail bonds, apprehending persons who have "skipped" their bail bonds, and collecting claims against such persons; that defendants posted a bail bond in the sum of $1,050 to secure the release of plaintiff's husband "on a drunk charge," and "at the same time" induced plaintiff and her husband to execute a deed of trust upon their $30,000 residence by representing to them that they were merely signing a document constituting an

---

[1]Defendant-respondent filed no brief when this case was before the District Court of Appeal, but did file an answer to plaintiff's petition for a hearing in this (Supreme) Court. In such answer defendant confines himself to arguments in support of the sustaining of the general demurrer to the first cause of action only, and does not discuss either of the other two causes or the special demurrer.

assignment of a certain indebtedness owed to plaintiff and her husband; that plaintiff and her husband reasonably believed and relied upon such representations of defendants, which defendants knew to be false at the time they were made and which were made by defendants "for the purpose of fraudulently depriving" plaintiff and her husband of their real property; that plaintiff and her husband are willing to execute an assignment of the above-mentioned indebtedness, as collateral for the bail bond. As already noted, plaintiff asks cancellation of the deed of trust, and exemplary damages.

Defendant's first contention—that the statement of this cause of action is defective for failure to allege facts establishing that plaintiff was justified in relying on defendant's misrepresentation—is without merit. Even negligence on the part of plaintiff in failing to discover the falsity of a statement is no defense when the misrepresentation was intentional, as alleged here, rather than negligent. (*Seeger* v. *Odell* (1941), 18 Cal. 2d 409, 414 [7a, 8] [115 P.2d 977, 136 A.L.R. 1291]; *Sullivan* v. *Dunnigan* (1959), 171 Cal. App.2d 662, 668 [7] [341 P. 2d 404]; see also *Rogers* v. *Warden* (1942), 20 Cal.2d 286, 288-289 [1] [125 P.2d 7].)

Defendant next contends that plaintiff has failed to state a cause of action for cancellation in that she does not allege notice of cancellation or an offer to place the defendants *in statu quo*. This contention likewise is without merit. The rule appears to be that an allegation, as here made, that plaintiff did not intend to vest title in the grantee, is equivalent to an allegation of nondelivery, and that therefore plaintiff is seeking to cancel a deed that was void. (See *Zakaessian* v. *Zakaessian* (1945), 70 Cal.App.2d 721, 724-725 [3] [161 P.2d 677]; *Sullivan* v. *Dunnigan* (1959), 171 Cal.App. 2d 662, 667-668 [5] [341 P.2d 404].) The same theory has been followed where, as likewise averred in the case at bench, plaintiff alleges that she signed the document under a misapprehension that it was something other than a deed. (See *Conklin* v. *Benson* (1911), 159 Cal. 785, 791 [116 P. 34, 36 L.R.A. N.S. 537]; *Cutler* v. *Fitzgibbons* (1906), 148 Cal. 562 [83 P. 1075]; *Meyer* v. *Haas* (1899), 126 Cal. 560, 563 [58 P. 1042]; *Sparks* v. *Mendoza* (1948), 83 Cal.App.2d 511, 515 [4] [189 P.2d 43].)

 This is not an action for restitution after rescission of a contract under the provisions of sections 1689 and 1691 of the Civil Code, in which case notice is required. Rather,

it is an action brought under the provisions of section 3412[2] to cancel a void instrument. Notice and an offer to restore are not required under such circumstances. (*Meyer* v. *Haas* (1899), *supra*, 126 Cal. 560, 563; see also *Shull* v. *Crawford* (1917), 33 Cal.App. 36, 41 [164 P. 330] ; *Hart* v. *Church* (1899), 126 Cal. 471, 475 [58 P. 910, 59 P. 296, 77 Am.St.Rep. 195] ; *Kelley* v. *Owens* (1898), 120 Cal. 502, 510-511 [47 P. 369, 52 P. 797] ; *Zakaessian* v. *Zakaessian* (1945), *supra*, 70 Cal.App.2d 721, 725 [3].) ▮ Even if notice were required, the bringing of this action would appear to sufficiently provide it in an equity case such as this, "where fraud is the basis of the claim and no legal prejudice to the defendants could have resulted." (*Rosemead Co.* v. *Shipley Co.* (1929), 207 Cal. 414, 422 [278 P. 1038].) ▮ And if an offer of restoration were required, plaintiff's offer in her complaint to execute the assignment of the indebtedness as collateral for the bail bond would be sufficient. (See *Seeger* v. *Odell* (1941), *supra*, 18 Cal.2d 409, 417-418 [15, 16].)

Thus the court erred in sustaining the general demurrer to plaintiff's first pleaded cause of action. It likewise erred in sustaining such demurrer to the second and third causes of action. ▮ The second cause of action alleged facts showing a foreclosure sale invalid for failure to give certain required notices (see Civ. Code, § 2924b), and the claim by defendant to plaintiff's property under such sale. ▮ The third cause of action sets forth the customary averments of an action to quiet title. ▮ On appeal defendant has made no effort to support the trial court's ruling sustaining the demurrer to these two causes of action,[3] and we therefore assume he does not contend it was correct. (See *Berry* v. *Ryan* (1950), 97 Cal.App.2d 492, 493 [1] [217 P.2d 1015].)

The judgment is reversed with directions to the trial court to overrule the demurrer and to allow the defendant Williams a reasonable time within which to answer if he be so advised.

Gibson, C. J., Traynor, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.

---

[2]Civil Code, section 3412: "A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled."

[3]See footnote 1, *ante*, p. 619.