[Civ. No. 48157. Second Dist., Div. One. July 30, 1976.]

GLEN R. WINN, JR., et al., Plaintiffs and Appellants, v.
McCULLOCH CORPORATION et al., Defendants and Respondents.

**COUNSEL**

Kates, Cohen & Sherman and Robert Sherman for Plaintiffs and Appellants.

Lawler, Felix & Hall and Richard D. DeLuce for Defendants and Respondents.

## OPINION

THOMPSON, J.—The case at bench reaches us by way of a judgment of dismissal terminating the action as to the respondent-defendants after their demurrer to plaintiffs' fifth amended complaint was sustained without leave to amend. The complaint asserts causes of action on behalf of the appellant-plaintiffs against respondent-defendants on theories of fraudulent misrepresentation and intentional inducement of breach of contract. It also asserts causes of action on behalf of plaintiffs against defendant McCulloch Aircraft for breach of contract, fraud and negligent misrepresentation which are not here at issue. We conclude that: (1) the fifth amended complaint is legally adequate to state causes of action for intentional misrepresentation; (2) while the complaint is not legally adequate to establish the absence of the bar of the statute of limitations to those causes, the procedural history of the case shows that the trial court abused its discretion in not permitting further amendment addressed to that point; and (3) the allegations of causes of action on the theory of intentional inducement of breach of contract are legally sufficient.

### Pleadings

The fifth amended complaint is framed in ten causes of action. The third, fourth, fifth, eighth, and ninth are asserted against McCulloch Aircraft, Inc., a defendant not a party here. No action of the trial court with respect to those causes of action is at issue before us on this appeal. The first and second causes of action sound in fraud alleged to have been perpetrated upon plaintiff Glen R. Winn, Jr., and a corporation related to him. The seventh cause of action is essentially the same in its charging allegations as the first and second, and is asserted on behalf of plaintiffs Richard Kempthorne and John H. Stewart, Jr. The sixth and tenth causes of action are pleaded on the theory of intentional interference with contract and are asserted on behalf of the Winn and Kempthorne-Stewart plaintiffs, respectively.

The first, second, and seventh causes of action contain the following significant allegations. Defendants Robert P. McCulloch, George J. Morton, and McCulloch Corporation owned stock in McCulloch Aircraft, Inc., and Robert P. McCulloch was the president of McCulloch Corporation. "Prior to September 1969," Robert P. McCulloch, acting individually and for McCulloch Corporation, together with George J. Morton and other defendants, jointly conceived of a plan to increase the

worth of their stockholdings in McCulloch Aircraft through the promotion by McCulloch Aircraft of sales of dealerships which would distribute a personal aircraft known as the J-2 Gyroplane. McCulloch Aircraft agreed to the plan on condition that Robert P. McCulloch and McCulloch Corporation would promote the venture to the general public and McCulloch and McCulloch Corporation consented to do so. All of the parties to the agreement "considered implementing the plan" with an advertising program describing the capabilities of the J-2 Gyroplane. The defendants knew that "it was legally and practically impossible" to manufacture the plane to those capabilities and that there would be no market for the J-2 without them. They knew, therefore, that "distributorships to be sold pursuant to the plan would not be salable to the prospective dealers." Nevertheless, the defendants agreed that McCulloch Aircraft would engage in a false advertising campaign and Robert P. McCulloch and McCulloch Corporation agreed to join in it.

Three advertising brochures incorporating false representations of the capability of the J-2 were prepared. Copies of the brochures were sent to the plaintiffs. The brochures contained the following misrepresentations: that the take-off and landing capability was between 75 and 150 feet when in fact it was 600 feet; that the rate of climb was 800 to 1,000 feet per minute when in fact it was 600 feet per minute; that the J-2's range was 200 to 300 miles when in fact "the use capability . . . was substantially limited when flown with both pilot and passenger with a full tank of gas . . ."; that the usable fuel capacity was 24 to 25 gallons when in fact it was 10 gallons; that there would be world-wide service centers which in fact were not in existence; that the J-2 would not be limited to low level flight and would have a service ceiling of 10,000 to 13,000 feet when in fact the service ceiling was 4,000 feet; and the J-2 was as usable to the consumer as an automobile for point-to-point transportation when in fact it was not usable for point-to-point transport.

McCulloch Aircraft further represented that various accessories described in the complaint would be available and that the maintenance cost of the J-2 would be similar to that for a Cessna Model 172. Those representations were also false.

Pursuant to the plan, Robert P. McCulloch represented to plaintiffs that he was personally and financially committed to the development of the J-2 as described in the advertising brochures, and that he would invest any capital required by McCulloch Aircraft to the extent necessary

to make the J-2 venture successful. McCulloch had no intention of investing his time or capital in the venture.

The representations were knowingly false and were made with the intent of inducing plaintiffs to enter in a dealership agreement with McCulloch Aircraft to distribute the J-2. In reliance upon the representations, plaintiffs entered into the agreements and expended "large amounts of time and money" in advertising and otherwise to establish the dealership in its defined territory. The J-2 in fact is not marketable, and as a result plaintiffs suffered an out-of-pocket loss as the result of their expenditures.

The first, second, and seventh causes of action seek actual and exemplary damages.

The sixth cause of action alleges that on January 1, 1970, plaintiffs Glen R. Winn, Jr., and Winn-Air Aviation, Inc., entered into a sole distributorship agreement with McCulloch Aircraft for distribution of the J-2 in California. Plaintiffs performed the agreement. McCulloch Aircraft breached the agreement by failing and refusing to manufacture and supply plaintiffs with J-2 aircraft specified in the agreement. Defendants Robert P. McCulloch and McCulloch Corporation were able, by reason of their ownership of shares in McCulloch Aircraft, to control that corporation by the election of directors, and in fact controlled it. Knowing of the existence and terms of the distributorship agreement and with the intent to do so, McCulloch and McCulloch Corporation caused McCulloch Aircraft to breach the distributorship agreement.

The tenth cause of action is similar to the sixth in its allegations. It is asserted on behalf of the plaintiffs Richard Kempthorne and John H. Stewart, Jr., individually and as assignees of Aer-O-Hio Aviation, Inc., and alleges a distributorship agreement between McCulloch Aircraft and Aer-O-Hio breached by McCulloch Aircraft at the inducement of McCulloch and McCulloch Corporation.

Defendants filed a general and special demurrer for uncertainty to the first, second, sixth, seventh, and tenth causes of action and a motion to strike allegations of the complaint.[1]

---

[1]A demurrer was filed and sustained as to causes of action alleged on behalf of Aer-O-Hio Aviation, Inc., also a plaintiff. Aer-O-Hio Aviation, Inc., does not argue on appeal that the trial court erred in that ruling.

The demurrer and its supporting points and authorities assert that the causes of action sounding in fraud are defective for failure to allege proximately caused damage or justifiable reliance, while showing on their face that reliance upon the representations alleged was not reasonable. They claim that those causes of action are barred by the statute of limitations. Absence of reasonable reliance is argued by reason of a fine print reference in advertising brochures attached to the complaint reciting the capabilities of the J-2 stating that the "specifications and performance [are] subject to change without notice." The points and authorities assert that lack of justifiable reliance is further demonstrated by the proposition that the specifications and performance data in the three advertising brochures differ in some respects and that, because Federal Aviation Administration approval of airworthiness of aircraft is required before general manufacture is permitted, reliance upon specifications and performance data supplied before FAA certification is unreasonable as a matter of law.

The sixth and tenth causes of action are claimed by the points and authorities in support of the demurrer to be legally inadequate for failure of the fifth amended complaint to allege that the conduct of defendants in inducing the breach of contract by McCulloch Aircraft was wrongful.

The trial court sustained the general demurrers and placed the special demurrers and motion to strike off calendar.

### Fraud—The First, Second, and Seventh Causes of Action

A complaint alleging fraud must plead with particularity ultimate facts showing representation, falsity of representation, knowledge of falsity, intent to deceive and reliance with resulting damage. (3 Witkin, Cal. Procedure (2d ed.) Pleading, §§ 573, 574.) ■ Here the first, second, and seventh causes of action of the fifth amended complaint state with particularity that false representations of the capability of the J-2 were knowingly made by the defendants with intent to deceive and induce plaintiffs to enter into distributorship agreements with McCulloch Aircraft. Those causes of action allege the facts of damage proximately caused by the misrepresentations by showing that by reason of their falsity the J-2 was not marketable so that expenditures made by the plaintiffs to market the aircraft pursuant to the agreements were lost. The complaint also alleges that plaintiffs relied upon the misrepresentations in making the expenditures.

Defendants contend here, as they did in the trial court, that the allegation of reliance is inadequate without the further statement that reliance was justifiable and that other allegations incorporating the advertising brochures with their disclaimer, plus the rule of the FAA, render reliance unjustified as a matter of law. That contention is contrary to controlling authority and the trial court's acceptance of it is hence erroneous.

■ Negligence in reliance upon a misrepresentation is not a defense where the misrepresentation was intentionally made to induce reliance upon it. (*Hefferan* v. *Freebairn* (1950) 34 Cal.2d 715, 719 [214 P.2d 386]; *Smith* v. *Williams* (1961) 55 Cal.2d 617, 620 [12 Cal.Rptr. 665, 361 P.2d 241].) Only "[i]f the conduct of the plaintiff [in relying upon a misrepresentation] in the light of his own intelligence and information was manifestly·unreasonable" will he be denied recovery. (*Hefferan* v. *Freebairn, supra,* 34 Cal.2d at p. 719.)

■ Here there is a question for the trier of fact concerning the presence or absence of a manifest unreasonableness in plaintiffs' conduct in relying upon defendants' misrepresentations. The issue is not one that can be decided as a matter of law on demurrer. True enough, there were discrepancies in the specifications and performance data contained in the three brochures attached to the fifth amended complaint, and, true also, each brochure contained the statement that specifications and performance were subject to change. The latter statement, however, is made in print that is barely readable in stark contrast to the bold print which declaims the performance of the J-2. Nowhere in the fine print disclaimer is there the statement that the changes in specifications and performance may be of such magnitude as to render the J-2 unmarketable. The relatively minor changes in specifications and performance data from brochure to brochure do not permit the inference of potential unmarketability as a matter of law. While FAA certification of the J-2 was required before the plane could be sold to the public, it is not an inference required as a matter of law that plaintiffs manifestly ·were unreasonable in relying upon defendants' representations that the plane would be built and impliedly could be sold with the characteristics they said it would have.

We thus conclude that the trial court erred in determining that the complaint was legally insufficient in its first, second, and seventh causes of action.

*Statute of Limitations—First,*
*Second, and Seventh Causes of Action*

■ The statute of limitations upon an action for fraud is three years from the date of discovery or the date that the fraud should have been discovered. (Code Civ. Proc., § 338, subd. 4.) Plaintiffs concede that the last act of fraud alleged in their complaint occurred on May 6, 1970, while the original complaint in the case at bench was filed on June 15, 1973, more than three years later. The complaint on its face thus shows the applicability of the bar of the statute of limitations to the first, second, and seventh causes of action.

The remaining issue concerning the first, second, and seventh causes of action involves the propriety of the trial court action sustaining the demurrer upon statute of limitations grounds without affording plaintiffs an opportunity to amend to allege facts of belated discovery, if those facts exist. While the pleading attacked by demurrer in the case at bench is a fifth amended complaint so that the ability of plaintiffs to amend it further to state a cause of action upon which relief may be granted is suspect, nevertheless the demurrer to the fifth amended complaint is the first to raise an issue of the statute of limitations. In those circumstances, the trial court was not empowered to assume that the defect was not curable. Hence, the trial court erred in denying leave to amend. The judgment of dismissal of the first, second, and seventh causes of action must be reversed to permit plaintiffs that opportunity.

*Intentional Inducement of Breach of*
*Contract—Sixth and Tenth Causes of Action*

■ "An action will lie for the intentional interference by a third person with a contractual relationship either by unlawful means or by means otherwise lawful when there is a lack of sufficient justification." (*Herron* v. *State Farm Mutual Ins. Co.* (1961) 56 Cal.2d 202, 205 [14 Cal.Rptr. 294, 363 P.2d 310].) "Whether an intentional interference by a third party is justifiable depends upon a balancing of the importance, social and private, of the objective advanced by the interference against the importance of the interest interfered with, considering all circumstances including the nature of the actor's conduct and the relationship between the parties. [Citations.] Justification is an affirmative defense and may not be considered as supporting the trial court's action in sustaining a demurrer unless it appears on the face of the complaint. [Citations.]" (*Herron* v. *State Farm Mutual Ins. Co., supra,* 56 Cal.2d at pp. 206-207.)

■ Here the complaint, in its sixth and tenth causes of action, alleges facts of defendants' interference with plaintiffs' contractual relationship with McCulloch Aircraft. Justification for defendants' conduct is determinable on demurrer only if the justification is apparent from the face of the complaint. Here it is not.

■ Justification is determined by examination of the factors of: "(a) the nature of the actor's conduct, (b) the nature of the expectancy with which his conduct interferes, (c) the relations between the parties, (d) the interest sought to be advanced by the actor and (e) the social interests in protecting the expectancy on the one hand and the actor's freedom of action on the other hand." (Rest., Torts, § 767.)

■ Here the fifth amended complaint shows on its face the nature of defendants' conduct, the nature of the right with which defendants are alleged to have interfered, the relationship of the parties, and the interests sought to be advanced by the defendants. The nature of defendants' conduct is the exercise of their position of control over the board of directors of McCulloch Aircraft. Their conduct interfered with existing contracts and not merely business expectations if the allegations of the fifth amended complaint are taken as true. The relationship of the parties is a neutral factor while the interest to be advanced by defendants' conduct is their economic one of increasing the value of their McCulloch Aircraft shares.

The Restatement of Torts and Professor Prosser diverge on the effect of the combination of circumstances alleged in the fifth amended complaint upon the existence of justification for interference with a contractual relationship. Prosser is of the view that the economic interest of defendant-stockholders in a corporation which they induce to commit the breach is of itself justification for the defendants' conduct. (Prosser, Handbook of The Law of Torts (4th ed. 1971) pp. 944-945.) The Restatement view is to the contrary. (Rest., Torts, § 769, com. d.)

The one California case which we have found dealing with the subject indicates an acceptance of the Restatement position although it does not say so and is by no means conclusive. In *Herron* v. *State Farm Mutual Ins. Co., supra,* 56 Cal.2d 202, 207, our Supreme Court held that the economic interest of a liability insurer was not of itself justification for its conduct inducing breach by a client of a contingent fee contract with his attorney so that the insurer might settle the client's claim. *Herron* is persuasive that Prosser's view is not followed in California.

If, as *Herron* indicates, the Restatement position states the applicable law, the fifth amended complaint does not show on its face that justification exists as a matter of law. The question of justification is thus one to be determined by the trier of fact (Note 26 A.L.R.2d 1227, 1264) and not on demurrer. We accept the persuasion of *Herron*.

### Statute of Limitations—
### Sixth and Tenth Causes of Action

The sixth and tenth causes of action do not state the date upon which the claimed breaches of contract by McCulloch Aircraft occurred. The complaint thus does not show on its face that causes of action for inducing those breaches are barred by the statute of limitations whatever it may be. While the deficiency in failure to allege the dates of breach was properly reachable by the special demurrer which the trial court placed off calendar, it does not support the trial court action in sustaining a general demurrer.

### Disposition

The judgment is reversed.

Wood, P. J., and Hanson, J., concurred.