Filed 3/27/13  Williams v. Law Offices of Carlin & Buchsbaum CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| YOULANDA O. WILLIAMS, | B236992 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC448650) |
| v. | |
| LAW OFFICES OF CARLIN & BUCHSBAUM, L.L.P. et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael L. Stern, Judge.  Affirmed.

Youlanda O. Williams, in pro. per., for Plaintiff and Appellant.

Law Offices of Carlin & Buchsbaum, Gary R. Carlin, Brent S. Buchsbaum, Laurel N. Haag and Ronald L. Zambrano for Defendants and Respondents.

_____

## INTRODUCTION

Plaintiff Youlanda O. Williams appeals from a judgment in favor of defendants Law Offices of Carlin & Buchsbaum, L. L. P. and Gary R. Carlin (Carlin). The judgment was entered after the trial court sustained without leave to amend defendant's demurrer to three of plaintiff's four causes of action and granted summary judgment as to the remaining cause of action. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff had been employed by the Los Angeles Unified School District (LAUSD) since 2002. She developed depression and anxiety related to her work. She filed a workers' compensation claim in 2006 and thereafter retained the Law Offices of Mark Stephen Smith to represent her with respect to her claim.

In 2008, plaintiff was terminated by LAUSD and she filed a civil action against it. On December 19, 2008, plaintiff signed a contingent fee retainer agreement with defendants, for them to represent her in her case against the LAUSD for disability discrimination, failure to accommodate and failure to engage.

In February 2009, plaintiff had been rehired by LAUSD into the same position she held before she was terminated.

Defendant filed a first amended complaint on plaintiff's behalf on June 22, 2009, alleging four causes of action under the Fair Employment and Housing Act (FEHA): disability discrimination, failure to accommodate, failure to engage in the interactive process and retaliation.

On August 7, the case was ordered to early mediation, to be completed by November 9. Carlin believed early mediation would be the best way to resolve the case while plaintiff was still working for LAUSD. However, after interviewing plaintiff, Carlin believed that she had very little evidence to support her claims. Specifically, Carlin did not believe plaintiff could testify truthfully that she suffered any adverse

2

employment action by LAUSD, or that her supervisors ever discriminated or retaliated against her or harassed her.

When Carlin was in settlement discussions, LAUSD insisted on settling plaintiff's Labor Code section 132a claim in conjunction with settlement of her FEHA claims.[1] Plaintiff discussed this with her workers' compensation attorney, and he and plaintiff authorized Carlin to settle both.

Carlin negotiated a settlement of $13,000 with additional terms addressing plaintiff's concerns that LAUSD might retaliate against her. On November 3, plaintiff, Carlin, and LAUSD representatives signed the settlement agreement.

The following morning, plaintiff revoked the settlement agreement and signed a substitution of attorney, substituting defendants out as her attorneys and substituting herself in. She then began looking for a new attorney.

On November 16, plaintiff, in pro. per., filed a request for dismissal without prejudice. Plaintiff dismissed the case because she felt it "was the thing to do," so she could "file again." She "had to file it again, if [she] was going to keep [her] statute [of limitations] going." She believed she had to do this, because "[t]hat's what it said on the internet." She wanted to file the action again in federal district court because she believed the case was "constitutional," explaining: "Because with the fact that it's civil, Title Seven, the civil liberties, and I feel that that would be the next step. . . . I talked to other people that stated, you know, it's your constitution."

Despite plaintiff's having revoked the settlement agreement, LAUSD delivered settlement checks to defendants. Defendant returned the checks to LAUSD's attorneys.

Plaintiff filed a complaint in federal district court on February 25, 2010. Plaintiff was given three opportunities to amend her complaint, and the court ruled that the statute

---

[1]    Labor Code section 132a proscribes discrimination against workers who have been injured in the course of their employment and who have filed, or made known an intention to file, a worker's compensation claim. It imposes monetary penalties for such discrimination. The maximum penalty is $10,000 plus $250 in costs and expenses. (*Id.*, subd. (1).)

of limitations barred the suit as to actions taken prior to April 30, 2009. After plaintiff filed her third amended complaint, the court dismissed the action on April 25, 2011. The court explained that plaintiff failed to alleged facts showing negative treatment due to disability, failure to accommodate, disparate treatment based on disability, or retaliation based on protected activity.

Plaintiff filed a 57-page complaint in the instant action on November 3, 2010, setting forth causes of action for negligence, breach of fiduciary duty, "fraud & deceit misrepresentation," and intentional infliction of emotional distress. She alleged, inter alia, that defendants "fraudulently expressed written authority" to settle her workers' compensation claims; "failed to disclosure to the plaintiff facts that impeded and reduced settlement amount at the mediation by failing to complete discovery knowing that the case was on fast track calendar"; accepted a settlement offer below the fair value of her case; forced plaintiff to sign the settlement agreement under duress while she was suffering an anxiety attack; badgered plaintiff into accepting the settlement by telling her if she did not accept it, he would not represent her; misrepresented the settlement amount as being $13,000 "when in fact it was more like $16,000.00"; and removed the individual defendants from the lawsuit when they filed the first amended complaint.

Defendants filed a demurrer on December 23, 2010 on the grounds the complaint was uncertain, did not state facts sufficient to constitute a cause of action, and failed to attach the written contract or refer to its essential terms. Defendants asserted that plaintiff's complaint was fatally defective, because, due to her own dismissal of the underlying litigation, she could not allege that defendants' actions caused her any damages.

On February 3, 2011, the trial court sustained defendants' demurrer without leave to amend as to the causes of action for breach of fiduciary duty, misrepresentation and intentional infliction of emotional distress. It overruled the demurrer as to the cause of action for negligence. Defendants then filed their answer to the complaint.

On July 8, 2011, defendants moved for summary judgment on plaintiff's negligence cause of action. Again, defendants relied on the fact that plaintiff dismissed

her own lawsuit to show that she could not establish damages caused by them. Additionally, they claimed the dismissal of plaintiff's federal lawsuit showed that plaintiff would not have prevailed in the underlying lawsuit.

Plaintiff opposed the motion for summary judgment. She also filed written objections to defendants' evidence.

The trial court granted defendants' motion. It found that plaintiff failed to prove causation, in that defendants' evidence showed that their actions did not cause plaintiff damages. Additionally, plaintiff would not have prevailed in her underlying lawsuit but for defendants' actions or omissions. Thereafter, the court entered a judgment of dismissal in favor of defendants.

## DISCUSSION

### A. *Denial of Leave to Amend*

Plaintiff first contends that the trial court abused its discretion in denying her leave to amend her complaint as to her causes of action for breach of fiduciary duty, misrepresentation, and intentional infliction of emotional distress. We disagree.

A demurrer tests the sufficiency of the plaintiff's complaint, i.e., whether it states facts sufficient to constitute a cause of action upon which relief may be based. (Code Civ. Proc., § 430.10, subd. (e); *Friedland v. City of Long Beach* (1998) 62 Cal.App.4th 835, 841-842.) The court should not sustain a demurrer without leave to amend if the complaint, liberally construed, can state a cause of action under any theory or if there is a reasonable possibility the defect can be cured by amendment. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

On appeal, we review the trial court's sustaining of a demurrer without leave to amend de novo, exercising our independent judgment as to whether a cause of action has been stated as a matter of law and applying the abuse of discretion standard in reviewing the trial court's denial of leave to amend. (*Williams v. Housing Authority of Los Angeles* (2004) 121 Cal.App.4th 708, 718-719; *Montclair Parkowners Assn. v. City of Montclair*

5

(1999) 76 Cal.App.4th 784, 790.)  Plaintiff bears the burden of demonstrating that the trial court erred in sustaining the demurrer or abused its discretion in denying leave to amend.  (*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1998) 68 Cal.App.4th 445, 459-460; *Coutin v. Lucas* (1990) 220 Cal.App.3d 1016, 1020.)  To show abuse of discretion, plaintiff must show in what manner the complaint could be amended and how the amendment would change the legal effect of the complaint, i.e., state a cause of action.  (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349; *J.B. Aguerre, Inc. v. American Guarantee & Liability Ins. Co.* (1997) 59 Cal.App.4th 6, 18.)

### 1.  Breach of Fiduciary Duty

On appeal, plaintiff reiterates the allegations of her complaint as to defendants' breach of fiduciary duty, but she fails to explain how these allegations state a cause of action.  For example, she complains that defendants omitted a number of individuals as named defendants in the action, from a school principal to the superintendent.  But she fails to explain how she could have prevailed against these individuals in the underlying action.  As defendants point out, "individuals who do not themselves qualify as employers may not be sued under the FEHA for alleged discriminatory acts."  (*Reno v. Baird* (1998) 18 Cal.4th 640, 663.)

Plaintiff complains about defendants' failure to "do any meaningful discovery" prior to mediation, but she does not explain what facts would have been revealed by discovery and how they would have affected the outcome of the underlying litigation. She also states that defendants "fail[ed] to do other thing[s] to properly file and execute underlying action," but she does not say what those things were or how they affected the outcome of the underlying litigation.

As plaintiff states, "[t]he elements of a cause of action for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach.  [Citation.]"  (*Mosier v. Southern Cal. Physicians Ins. Exchange* (1998) 63 Cal.App.4th 1022, 1044.)  In the absence of damages caused by a breach of fiduciary duty, there is no cause of action.

Subsequent to the trial court's ruling on defendants' demurrer, plaintiff dismissed the underlying action and filed a new action in federal court. That court found that plaintiff's claims were either barred by the statute of limitations or had no merit. We may take judicial notice of these facts and consider them in determining whether plaintiff can state a cause of action. (*Schifando v. City of Los Angeles*, *supra*, 31 Cal.4th at p. 1081; *Sacramento Brewing Co. v. Desmond, Miller & Desmond* (1999) 75 Cal.App.4th 1082, 1085, fn. 3.) That plaintiff failed to obtain a judgment in her favor in the underlying action prevents a showing that she had meritorious claims and the value of those claims, precluding her from showing the necessary element of damages. (See *Moradi-Shalal v. Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287, 307; *Mattco Forge, Inc. v. Arthur Young & Co.* (1997) 52 Cal.App.4th 820, 832.) Since plaintiff has failed to show how she alleged or could amend her complaint to allege damages resulting from the alleged breaches of fiduciary duty, she has failed to meet her burden of demonstrating that the trial court erred in sustaining the demurrer or abused its discretion in denying leave to amend as to her breach of fiduciary duty cause of action. (*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, *supra*, 68 Cal.App.4th at p. 459; *Coutin v. Lucas*, *supra*, 220 Cal.App.3d at p. 1020.)

2. **Fraud/Misrepresentation**

The elements of a cause of action for fraud are a representation, its falsity, defendant's knowledge of that falsity, intent to deceive, and plaintiff's reliance on the representation and resulting damage. (*Winn v. McCulloch Corp.* (1976) 60 Cal.App.3d 663, 670.) Where a plaintiff seeks to base a fraud cause of action on concealment, the plaintiff must allege a fiduciary or confidential relationship giving rise to a duty to disclose or other facts giving rise to a duty to disclose. (*La Jolla Village Homeowners' Assn. v. Superior Court* (1989) 212 Cal.App.3d 1131, 1151, disapproved on another ground in *Jimenez v. Superior Court* (2002) 29 Cal.4th 473, 481, fn. 1.) A cause of action for fraud must be factually and specifically pleaded. (*Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 216.)

7

Plaintiff's argument as to her fraud/misrepresentation cause of action suffers the same fate as her previous argument. She makes vague claims that defendants falsely represented that they were going to represent her using the proper standard of care and then failed to do so by mediating a settlement "which fell well below the value of what her claims were worth." But she does not allege specific facts showing that her claims were worth more than the settlement amount, nor does it appear that she can allege such facts. Again, she has failed to meet her burden of demonstrating error. (*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, *supra*, 68 Cal.App.4th at p. 459; *Coutin v. Lucas*, *supra*, 220 Cal.App.3d at p. 1020.)

### 3. Intentional Infliction of Emotional Distress

The elements of a cause of action for intentional infliction of emotional distress are "(1) extreme or outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. [Citations.] . . . Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community. [Citations.]" (*Cervantez v. J. C. Penney Co.* (1979) 24 Cal.3d 579, 593; accord, *Cochran v. Cochran* (1998) 65 Cal.App.4th 488, 494.) In other words, the defendant's conduct must "'"'go beyond all possible bo[u]nds of decency, and . . . be regarded as atrocious, and utterly intolerable in a civilized community.'"'" (*Wong v. Jing* (2010) 189 Cal.App.4th 1354, 1379, fn. 7.)

Nothing in the allegations of plaintiff's complaint comes close to the type of extreme and outrageous conduct required for a cause of action for intentional infliction of emotional distress. As noted in *Merenda v. Superior Court* (1992) 3 Cal.App.4th 1,[2] on which plaintiff relies, "damages for emotional distress arising out of acts which invade an

---

[2]     *Merenda* was disapproved on another ground in *Ferguson v. Lieff, Cabraser, Heimann & Bernstein* (2003) 30 Cal.4th 1037, 1053.

8

interest protected by established tort law are recoverable only if the claimed emotional distress naturally ensues from the acts complained of.  Plaintiff has made no showing that emotional distress naturally ensues from the garden variety claim of legal malpractice involved here."  (*Id*. at p. 6.)

### B. *Failure to Rule on Plaintiff's Objections*

Plaintiff asserts that because the trial court failed to rule on her objections to the evidence submitted by defendants in support of their summary judgment motion, the judgment must be reversed.  She is incorrect.

Code of Civil Procedure section 437c, subdivision (c), provides:  "The motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  In determining whether the papers show that there is no triable issue as to any material fact the court shall consider all of the evidence set forth in the papers, *except that to which objections have been made and sustained by the court . . . .*"  (Italics added.)

*Reid v. Google, Inc.* (2010) 50 Cal.4th 512, on which plaintiff relies, holds that where the trial court fails to rule on a party's objections, we presume the trial court overruled the objections and considered the evidence to which the objections were made.  (*Id*. at p. 534.)  The objections are preserved for review on appeal.  (*Ibid*.)

Plaintiff sets forth the evidence to which she objected, but not the legal basis for her objections or authority establishing that the objections should have been sustained.  She therefore has failed to meet her burden of demonstrating error, supported by pertinent authority and argument, in the trial court's presumed overruling of her objections.  (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545-546.)

9

**C. *Summary Judgment***

Summary judgment properly is granted if there is no question of material fact and the issues raised by the pleadings may be decided as a matter of law. (Code Civ. Proc., § 437c, subd. (c); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843.) To secure summary judgment, the moving defendants may show that one or more elements of the cause of action cannot be established or that there is a complete defense to the cause of action. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar*, *supra*, at p. 849.) The defendants must "demonstrate that under no hypothesis is there a material factual issue requiring a trial." (*Rosenblum v. Safeco Ins. Co.* (2005) 126 Cal.App.4th 847, 856; accord, *Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.)

Once the moving defendants have met their burden, the burden shifts to the plaintiff to show that a triable issue of material fact exists as to the cause of action or the defense thereto. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at p. 849.) The plaintiff may not rely on his or her pleadings to meet this burden. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar*, *supra*, at p. 849.) All doubts as to the propriety of granting the motion are resolved in favor of the opposing party. (*Hamburg v. Wal-Mart Stores, Inc.* (2004) 116 Cal.App.4th 497, 502.)

On appeal, we exercise our independent judgment in determining whether there are no triable issues of material fact and the moving party thus is entitled to judgment as a matter of law. (*Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142.) Inasmuch as the grant or denial of a motion for summary judgment strictly involves questions of law, we must reevaluate the legal significance and effect of the parties' moving and opposing papers. (*Chevron U.S.A., Inc. v. Superior Court* (1992) 4 Cal.App.4th 544, 548, disapproved on another ground in *Camargo v. Tjaarda Dairy* (2001) 25 Cal.4th 1235, 1245.)

When a legal malpractice case "involves negligence in the prosecution or defense of a legal claim, the case-within-a-case method is appropriately employed. [Citation.] Thus, when a client seeks to recover damages for his [or her] attorney's negligence in the prosecution or defense of the client's claim, the client must prove that 'but for that

10

negligence a better result could have been obtained in the underlying action. [Citation.] "An attorney malpractice action then, involves a suit within a suit, a reconsideration of the previous legal claim, and only by determining whether or not the original claim was good can proximate damages be determined." [Citation.] This trial within a trial avoids the specter that the damages claimed by a plaintiff are a matter of pure speculation and conjecture.' [Citation.]" (*California State Auto. Assn. Inter-Ins. Bureau v. Parichan, Renberg, Crossman & Harvey* (2000) 84 Cal.App.4th 702, 710-711, disapproved on another ground in *Viner v. Sweet* (2003) 30 Cal.4th 1232, 1244, fn. 5.)

Here, defendants presented evidence that, although they believed there was no merit to plaintiff's disability discrimination claims, they obtained a settlement of those claims and her Labor Code section 132a claim in the amount of $13,000. Thereafter, plaintiff substituted them out as her attorneys of record and revoked the settlement agreement. She then dismissed the underlying action and filed a new action in federal court. She did not prevail in that action, in that most of her claims were barred by the statute of limitations and the remainder were without merit. Defendants met their burden of showing that an element of plaintiff's cause of action could not be established (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at p. 849), that of damages (*Mattco Forge, Inc. v. Arthur Young & Co.*, *supra*, 52 Cal.App.4th at p. 833; *Thompson v. Halvonik* (1995) 36 Cal.App.4th 657, 661).

Plaintiff argues there can be no "'speculation' as to whether [she] had gotten a better settlement offer then [*sic*] $13,000.00 the facts is [*sic*] clear [plaintiff] had gotten $16,000.00 — in settlement offer but defendants concealed $3000.00 from the [plaintiff]." However, the evidence plaintiff presented in opposition to summary judgment does not support this argument. In response to plaintiff's request for admissions, defendants admitted that they told plaintiff the amount of the settlement was $13,000. They also admitted that LAUSD sent them checks in the amount of $16,000, with the additional statement that "Defendants had no control or say as to what checks were sent to Defendant by LAUSD." Defendants also admitted that they did not inform plaintiff that they had received $16,000 in settlement checks until after she had

11

substituted them out as her attorneys, but they explained that they did not receive the checks until December 4, 2009, after she had already substituted them out.  This was also after plaintiff had filed her request for dismissal of the case.

Plaintiff reiterates her complaints about defendants' handling of her case but with no demonstration that but for defendants' acts and omissions, she would have obtained a more favorable resolution of the underlying action.  For example, she cites evidence that defendants authorized settlement of her Labor Code section 132a claim in conjunction with her discrimination claims and then states, without citation to any evidence or legal authority, and without further explanation, that she "would have gotten [a far] better settlement from her underlying lawsuit/Workers Compensation case other then [*sic*] $10,000.00 offered at mediation."  "Mere conclusions of law or fact are insufficient to satisfy the evidentiary requirements for a summary judgment."  (*Perkins v. Howard* (1991) 232 Cal.App.3d 708, 713; *Sheppard v. Morgan Keegan & Co.* (1990) 218 Cal.App.3d 61, 67.)  Again, plaintiff has failed to meet her burden of demonstrating error. (*Mansell v. Board of Administration*, *supra*, 30 Cal.App.4th at pp. 545-546.)

## DISPOSITION

The judgment is affirmed.  Defendants are to recover their costs on appeal.

JACKSON, J.

We concur:

PERLUSS, P. J.

WOODS, J.

12