[No. G008438. Fourth Dist., Div. Three. Oct. 31, 1989.]

PETER J. DOUGLAS, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
JEFFREY CHARLES WEINER et al., Real Parties in Interest.

COUNSEL

Saltarelli & Steponovich, Michael J. Steponovich, Jr., and Stephen A. Steponovich for Petitioner.

No appearance for Respondent.

Rourke & Woodruff, Daniel K. Spradlin and Craig G. Farrington for Real Parties in Interest.

OPINION

SCOVILLE, P. J.—Petitioner Peter J. Douglas filed suit against his former employer and others (real parties Jeffrey Charles Weiner et al., hereinafter Weiner) to recover commissions he alleges he earned by selling Weiner's home improvement services. The first and second causes of action of Douglas's second amended complaint plead Weiner obtained Douglas's services by falsely promising Weiner would pay Douglas commissions when Weiner received signed service contracts from third parties. The second cause of action alleges the Weiner defendants conspired to defraud Douglas. Douglas's third cause of action alleges Weiner's conduct violated the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962(c), hereinafter RICO) and the eighth cause of action is for a constructive trust based on the first three causes of action.

The trial court sustained Weiner's demurrers to those four causes of action without leave to amend. Counsel's California Rules of Court, rule 56(c) declaration[1] explains the trial court's thinking this way: "It was his

---

[1] Douglas has not supplied a copy of the trial court's minute order or a transcript of the law and motion hearing. We consequently rely upon counsel's declaration to explain the trial court's reasons for its decision.

honor's contention that, because the false promise, alleged in [Douglas's] Second Amended Complaint, had in fact been partially performed, namely, some of the commissions due [Douglas] had in fact been paid, that it was therefore impossible for [Douglas] herein to ever state a cause of action for fraud." The trial court also apparently believed "part performance of a false promise" barred a fraud cause of action based on that false promise. The court also determined the RICO cause of action could never be successfully amended. It sustained Weiner's demurrers to these causes of action without leave to amend and overruled Weiner's demurrers to a breach of contract cause of action and related causes of action seeking relief on common count theories.

Douglas filed this writ petition to challenge the trial court's decision on its merits and its refusal to allow him further leave to amend. This court invited the trial court and Weiner to respond and directed Douglas to file an amended petition requesting a peremptory writ in the first instance. Only Weiner has filed written opposition, and Douglas has filed his amended petition. We conclude the challenged causes of action are sufficiently pleaded and that Douglas is entitled to peremptory relief in the first instance.

■ California courts have "a policy of great liberality in allowing amendments at any stage of the proceeding so as to dispose of cases upon their substantial merits where the authorization does not prejudice the substantial rights of others." (*Dunzweiler* v. *Superior Court* (1968) 267 Cal.App.2d 569, 576 [73 Cal.Rptr. 331].) Indeed, "it is a rare case in which 'a court will be justified in refusing a party leave to amend his pleading so that he may properly present his case.'" (*Morgan* v. *Superior Court* (1959) 172 Cal.App.2d 527, 530 [343 P.2d 62]; citation omitted.) And even though Douglas had amended his pleading twice previously, that fact is not, by itself, sufficient grounds for denying further leave to amend. (See *Hills Trans. Co.* v. *Southwest Forest Industries, Inc.* (1968) 266 Cal.App.2d 702, 709 [72 Cal.Rptr. 441]; 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 946, pp. 380-381.)

■ Indeed, the error here is even more pronounced because the causes of action are sufficient as they stand. The fraud cause of action alleges Weiner knowingly made false promises Douglas would be paid commissions when Weiner received signed contracts. Douglas also pleads Weiner made these promises to induce Douglas to work for Weiner and that Douglas relied on those promises by entering into an employment relationship with Weiner. Douglas also pleads Weiner failed to pay commissions exceeding $50,000. These allegations are sufficient to state a cause of action for fraud and the demurrer to that cause of action should have been overruled. (See *Winn* v. *McCulloch Corp.* (1976) 60 Cal.App.3d 663, 670 [131 Cal.Rptr.

597].) ■ Because Douglas's second cause of action for conspiracy to defraud incorporates the allegations of the first cause of action, the demurrer to that cause of action should also have been overruled. (See, e.g., *Rosenfeld, Meyer & Susman* v. *Cohen* (1983) 146 Cal.App.3d 200, 224-225 [194 Cal.Rptr. 180]; *Younan* v. *Equifax, Inc.* (1980) 111 Cal.App.3d 498, 511 [169 Cal.Rptr. 478].) Although Weiner argues its payment of some commissions to Douglas demonstrates Douglas's allegations of false promises are without merit, the "partial payment" facts are not contained in the complaint and, even if they had been, that would not mean Weiner's promises were not false when made. These allegations must be tried.

■ Douglas's RICO cause of action is also sufficient. It is a violation of federal RICO laws "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." (18 U.S.C. § 1962(c); see also *Moss* v. *Morgan Stanley, Inc.* (2d. Cir. 1983) 719 F.2d 5, 17.) Weiner complains Douglas has failed to state a cause of action for several reasons: (1) the complaint does not adequately allege the existence of an enterprise or the precise nature of the connection between each of the defendants and the enterprise; (2) it fails to allege facts to "prove" an interstate transaction; (3) there are insufficient facts of mail and wire fraud; (4) the complaint fails to allege conduct which would constitute "a pattern of racketeering activity"; and (5) it is impossible to determine the specific roles played by the individual and business defendants.

None of these contentions has merit. For example, the complaint pleads Weiner controlled the enterprise's daily sales activities and, in conspiracy with his agents (codefendants), solicited sales personnel and prospective customers by means of interstate mail and phone calls. It also pleads Weiner utilized the services of his salespeople to solicit home improvement contracts but did not pay sales commissions or perform the home improvements after the contracts were sold and contract monies collected. Although Weiner would have the complaint be more specific, it is sufficient if that specificity and proof are presented at trial: "To establish its case at trial, a civil [RICO] plaintiff must surely prove the acts of racketeering, but . . . such specificity is [not] required *at the pleading stage.*" (*Haroco* v. *American Nat. B. & T. Co. of Chicago*, (7th Cir. 1984) 747 F.2d 384, 404, affd. *per curiam* (1985) 473 U.S. 606 [87 L.Ed.2d 437, 105 S.Ct. 3291].) In short, Weiner has been sufficiently apprised of the allegations of this cause of action.

Finally, Douglas's eighth cause of action seeks a constructive trust over a specific Porsche automobile and "all monies, currency, profits, negotiable

instruments, promissory notes [and] interests in property, both real and personal, derived from the above alleged fraudulent acts and representations, conspiracy and pattern of racketeering as constructive trustees for [Douglas's] benefit." ■ Although Weiner argues Douglas has not identified specific property in which he has a protectable interest, Douglas has identified the particular automobile and other specific categories of property which he claims Weiner acquired with the commissions due him. Because a constructive trust is an equitable remedy to which a defrauded plaintiff might be entitled in an appropriate case (see *Weiss* v. *Marcus* (1975) 51 Cal.App.3d 590, 600 [124 Cal.Rptr. 297]), and because Douglas has incorporated his fraud, conspiracy and RICO allegations into his eighth cause of action and merely requests a constructive trust remedy as an alternative to damages, the trial court should be allowed the opportunity to explore this remedy at trial. (See generally 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, §§ 791-793, pp. 234-237.)

Further briefing would add nothing to the presentations already made. It is appropriate to issue a peremptory writ in the first instance rather than an alternative writ. (See *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue ordering the trial court to set aside its order sustaining Weiner's demurrers without leave to amend and to enter a new and different order overruling the demurrers and granting Weiner time to answer the complaint. Douglas shall recover his costs.

Crosby, J., and Wallin, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied January 24, 1990.