[No. C067169. Third Dist. Sept. 26, 2012.]

MICHELLE DUTRA, Plaintiff and Appellant, v.
MERCY MEDICAL CENTER MT. SHASTA et al., Defendants and
Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication
with the exception of part I.

**COUNSEL**

Rebecca E. Moore for Plaintiff and Appellant.

Kenny, Snowden & Norine, Kelly J. Snowden and Margaret Long for Defendants and Respondents.

Opinion

**NICHOLSON, Acting P. J.**—Plaintiff Michelle Dutra sued her former employer, defendant Mercy Medical Center Mt. Shasta (Mercy), for defamation and wrongful termination in violation of public policy. Plaintiff alleged Mercy committed libel per se by communicating to her and others in a private meeting its grounds for terminating her employment. She alleged Mercy discharged her in violation of the public policy codified at Labor Code section 132a, which generally prohibits discharging an employee for filing a workers' compensation claim.

The trial court granted Mercy's motion for summary adjudication against the defamation cause of action. It concluded Mercy's communicating its grounds for terminating plaintiff was a conditionally privileged communication under Civil Code section 47, subdivision (c), and that plaintiff had failed to introduce triable issues of material fact that would defeat the privilege, including showing the publication was motivated by malice.

After selecting the jury for trial on the remaining wrongful termination cause of action, the court granted Mercy's motion to dismiss the action on the ground the Workers' Compensation Appeals Board (WCAB) has exclusive jurisdiction to adjudicate claims under Labor Code section 132a. The court gave plaintiff an opportunity to amend her complaint, but she refused.

Plaintiff contends (1) the trial court improperly granted the motion for summary adjudication because, she asserts, the issue of malice can be decided only by a jury and not on summary adjudication and (2) the trial court has jurisdiction to hear claims for wrongful termination in violation of Labor Code section 132a.

We conclude the trial court did not err, and we affirm the judgment.

## FACTS

Because plaintiff's appeal raises only issues of law, we will not recite the undisputed facts in detail. Plaintiff worked for Mercy as a housekeeper. She injured her back at work on January 31, 2008, while pulling a linen barrel across a snow-covered alley. She filed a workers' compensation claim that day.

Mercy terminated plaintiff's employment on March 19, 2008. Mercy informed plaintiff the grounds for her termination in a confidential meeting attended by plaintiff, a union steward, and Mercy supervisors. Mercy terminated her for (1) continuing to gossip while on duty and after being counseled

about it; (2) altering a check that had been issued to her from a discretionary fund provided by a religious order affiliated with the hospital, an action the letter referred to as "check fraud"; and (3) falsifying her timecard and abandoning her post by leaving work without clocking out.

Plaintiff did not include a copy of her complaint in the record. According to the trial court, plaintiff alleged Mercy committed libel per se when it communicated in the confidential meeting with others present she was being terminated for check fraud. She also alleged she was wrongfully terminated in violation of public policy for filing a workers' compensation claim.

## DISCUSSION

### I

*Summary Adjudication of Defamation Claim**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II

*Jurisdiction to Hear Wrongful Termination Based on Labor Code Section 132a*

■ Plaintiff claims the trial court had jurisdiction to try her cause of action for wrongful termination in violation of Labor Code section 132a (section 132a). The Supreme Court established in *City of Moorpark v. Superior Court* (1998) 18 Cal.4th 1143 [77 Cal.Rptr.2d 445, 959 P.2d 752] (*City of Moorpark*), that section 132a's vesting of jurisdiction in the WCAB to adjudicate violations of its terms did not establish an exclusive remedy, and that a plaintiff could also pursue common law remedies. Plaintiff asserts her action for wrongful termination in violation of public policy—the policy codified in section 132a—is such a common law remedy. We disagree, as section 132a does not qualify under case authority as the type of policy that can support a common law action for wrongful termination.

■ Section 132a extends certain civil rights protections to employees who are injured in the course of their employment. The statute first declares it is the "policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment." (§ 132a.) The statute makes it a misdemeanor for an employer to discharge or

---

*See footnote, *ante*, page 750.

discriminate against an employee who files a claim for workers' compensation. It also awards an employee who was subject to such discrimination reinstatement, reimbursement of lost wages, an increase in compensation, and expenses. (§ 132a, subd. (1).)

The statute grants to the WCAB jurisdiction to remedy violations. To seek reinstatement and recover lost wages, the employee initiates proceedings by filing a petition with the WCAB. The statute vests the WCAB "with full power, authority, and jurisdiction to try and determine finally all matters specified in this section subject only to judicial review, except that the appeals board shall have no jurisdiction to try and determine a misdemeanor charge." (§ 132a.) Obviously, a trial court has no jurisdiction to hear a civil cause of action for an employer's breach of section 132a.

Plaintiff asserts her cause of action is different. She sought recovery under the common law action of wrongful termination in violation of public policy. She claims section 132a is the public policy that was violated, and that *City of Moorpark* allows her to seek recovery notwithstanding the statute's vesting of adjudicatory authority in the WCAB.

*City of Moorpark* does not go as far as plaintiff suggests. *City of Moorpark* did hold that section 132a does not provide an exclusive remedy against disability discrimination and does not preclude an employee from pursuing remedies under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.) and common law wrongful termination remedies. (*City of Moorpark, supra*, 18 Cal.4th at p. 1158.) However, the high court noted its conclusion that section 132a did not provide an exclusive remedy was "only half the analysis." (*City of Moorpark, supra*, at p. 1158.) It also had to decide in that case whether a violation of FEHA could serve as a basis for a claim for wrongful termination in violation of public policy.

■ Thus, we still must decide whether a violation of section 132a can form the basis of a common law action for wrongful termination in violation of public policy—an issue *City of Moorpark* did not address. We conclude a violation of section 132a cannot be the basis of a tort action for wrongful termination.

■ *City of Moorpark* reiterated the high court's test for determining whether a particular policy can support a common law wrongful termination claim. That test includes a substantive limitation that governs this case. The court stated that for a policy to support a common law cause of action, "[t]he

policy 'must be: (1) delineated in either constitutional or statutory provisions; (2) "public" in the sense that it "inures to the benefit of the public" rather than serving merely the interests of the individual; (3) well established at the time of the discharge; and (4) substantial and fundamental.' [Citations.] ' "[P]ublic policy" as a concept is notoriously resistant to precise definition, and . . . courts should venture into this area, if at all, with great care . . . .' [Citation.] Therefore, *when the constitutional provision or statute articulating a public policy also includes certain substantive limitations in scope or remedy, these limitations also circumscribe the common law wrongful discharge cause of action.* Stated another way, the common law cause of action cannot be broader than the constitutional provision or statute on which it depends, and therefore it 'presents no impediment to employers that operate within the bounds of law.' [Citation.]" (*City of Moorpark, supra,* 18 Cal.4th at p. 1159, italics added.)

■ Section 132a includes limitations on its scope and remedy that prevent it from being the basis of a common law cause of action. The statute establishes a specific procedure and forum for addressing a violation. It also limits the remedies that are available once a violation is established. Allowing plaintiff to pursue a tort cause of action based on a violation of section 132a would impermissibly give her broader remedies and procedures than those provided by the statute. Thus, the statute cannot serve as the basis for a tort claim of wrongful termination in violation of public policy, and the trial court correctly granted Mercy's motion to dismiss the action.

Plaintiff argues she is entitled to seek recovery for the wrong committed against her because her termination fell outside of the "compensation bargain" of a normal employment relationship, and thus she is not subject to the workers' compensation exclusivity rule. (See *Shoemaker v. Myers* (1990) 52 Cal.3d 1, 23 [276 Cal.Rptr. 303, 801 P.2d 1054].)

The point has no relevance here. We agree in accordance with *City of Moorpark* that section 132a was not plaintiff's exclusive remedy for redressing her wrong. There were other remedies she could have pursued for the alleged discrimination against her, and indeed the court before dismissing the action gave plaintiff the opportunity to amend her complaint to seek those remedies. Plaintiff, however, chose not to amend her complaint. It was plaintiff that through declining to amend her complaint foreclosed all possible remedies except the WCAB.

■ The trial court correctly dismissed plaintiff's action.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to defendants. (Cal. Rules of Court, rule 8.278(a).)

Hull, J., and Duarte, J., concurred.