Filed 1/8/15  Wang v. Murray Co. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| QIZHAO CHARLES WANG, | B251749 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC481607) |
| v. | |
| MURRAY COMPANY, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Maureen Duffy-Lewis, Judge.  Reversed and remanded.

The Schlehr Law Firm, Sarah B. Schlehr and Morgan Ricketts for Plaintiff and Appellant.

Manning & Kass, Ellrod, Ramirez, Trester LLP, Scott Wm. Davenport and John M. Cowden for Defendant and Respondent.

Plaintiff Qizhao Wang (Wang) sued his former employer Murray Company, Inc. (Murray) in connection with the termination of his employment. The original complaint alleged causes of action for wrongful termination in violation of public policy based on Wang's filing of a workers' compensation claim, for violation of Labor Code section 1102.5, and for intentional infliction of emotional distress.

After the Third District Court of Appeal ruled in *Dutra v. Mercy Medical Center Mt. Shasta* (2012) 209 Cal.App.4th 750 that the Labor Code provision prohibiting termination of an employee for filing a workers' compensation claim cannot support a wrongful termination action, Wang retained new counsel, who sought to amend the complaint to state causes of action under the Fair Employment and Housing Act, Government Code section 12900 et seq. ("FEHA"), based on the same essential factual allegations. The trial court denied Wang's request, ruling that he had not demonstrated good cause for the amendment. Because the complaint failed to state a cause of action, Wang did not oppose Murray's motion for summary judgment.

Wang appeals the judgment subsequently entered, challenging only the denial of his motion for leave to amend. We conclude that the trial court erred in denying that motion, and so reverse the judgment.


FACTUAL AND PROCEDURAL SUMMARY

Murray hired Wang in June of 2008 to work as an engineer at an annual salary of $78,000. In November 2010, after Wang injured his back while on the job, he filed a claim for workers' compensation benefits. Temporarily unable to work due to his back injury, Wang was initially out on sick leave from November 22 to December 5, 2010, and again from May 4 to May 8, 2011 and from May 16 to May 25, 2011. Wang alleged that he was removed from major projects that he had worked on, and was instead assigned small, trivial projects not consonant with his level of experience or seniority with the company. Newly hired engineers with less seniority were assigned projects to which Wang would have been assigned in the past, but was no longer asked to work on. Wang was originally included in a list of employees slated to attend a two-day solar system

2

design training seminar in Reno, Nevada. During a June 12, 2011 meeting at which the subject of the training seminar arose, Wang's supervisor, Tim Allinson, announced that Wang would not attend the seminar but would be replaced by another employee, because the trip "might trigger [his] back problem."

The following month, Wang was summoned to a meeting with the Director of Human Resources, Supervisor Allinson and others. Allinson "proceeded to make false statements about [Wang's] work product and capability, to which [Wang] verbally disagreed. At the conclusion of the meeting, Mr. Wang was advised that his employment with Murray Construction was terminated."

On March 26, 2012, Wang's prior counsel filed a lawsuit on his behalf alleging wrongful termination in violation of public policy based on Wang's filing of a workers' compensation claim; violation of Labor Code section 1102.5, subdivision (c);[1] and intentional infliction of emotional distress. Wang's previous counsel took no steps to file any claims under FEHA, or to obtain the required right to sue letter from the Department of Fair Employment and Housing. However, Wang undertook to do so on his own, filing a timely complaint with that department on June 25, 2012. His right to sue letter was issued that day.

*Dutra v. Mercy Medical Center Mt. Shasta*, *supra*, 209 Cal.App.4th 750 was filed on September 26, 2012. An earlier opinion of our Supreme Court, *Miklosy v. Regents* (2008) 44 Cal.4th 876, 902, had held that the exclusive remedy of workers' compensation applies to any emotional distress injury resulting from conduct occurring at the workplace in the normal course of the employer-employee relationship. Thus, Wang's complaint, as

---

[1]     Labor Code section 1102.5, subdivision (c) probihits employers from retaliating "against an employee for refusing to participate in an activity that would result in a violation of state or federal statute . . . ." The complaint alleged that Wang was "refusing to participate in workplace activity (refraining from seeking worker[s'] compensation benefits) that would have resulted in a violation of Labor Code section 132a and related worker[s'] compensation laws." As Murray asserted in its motion for summary judgment, this cause of action was "a roundabout way of asserting another claim for wrongful termination under Cal. Lab. Code § 132a."

pled, was not viable. On December 6, 2012, Murray filed a motion for summary judgment based, among other things, on *Dutra v. Mercy Medical Center Mt. Shasta*, *supra*, 209 Cal.App.4th 750. The hearing on that motion was continued to, and ultimately heard on, August 2, 2013.

On March 21, 2013, Wang's current counsel substituted in as counsel of record. On April 29, 2013, Wang filed a motion for leave to amend which proposed to amend the complaint by, among other things, removing all three claims pleaded in the initial complaint and adding FEHA-based causes of action for disability discrimination, failure to accommodate, and retaliation for taking protected leave.

The motion was argued and taken under submission on June 10, 2013. The court issued its minute order denying the motion that same day.

As noted above, Wang did not oppose the motion for summary judgment; judgment was entered against him on August 7, 2013.

Wang timely filed his notice of appeal. He challenges the trial court's denial of his motion for leave to amend the complaint to allege viable causes of action under FEHA.

DISCUSSION

As a preliminary matter, we address two procedural issues which Murray submits require affirmance of the judgment without consideration of the merits: the adequacy of the record on appeal and Wang's decision not to oppose the Motion for Summary Judgment.

We begin with the appellate record. "[A] fundamental rule of appellate review is that an appealed judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "'All intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent, and error must be affirmatively shown. . . . [Citations.]'" (*Ibid.*) To overcome this presumption, the appellant must provide an adequate appellate record demonstrating error. (*Maria P. v. Riles* (1987) 43

4

Cal.3d 1281, 1295.)" (*Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 643-644.)

Murray maintains that the record here is inadequate because Wang "has failed to present any admissible testimony regarding the arguments which were presented either at the hearing on the motion for leave to amend or at the hearing on the motion for summary judgment." Wang answers that its claim of error is not dependent on or otherwise affected by any argument presented at the unreported hearings before the trial court. It argues, rather, that the court explicitly applied the wrong legal standard in ruling on the challenged motion. Because we decide questions of law de novo without regard to the trial court's stated reasons, a transcript of the oral proceedings before the trial court is not necessary to our review of the trial court's ruling.

Here, Wang does not rely on a silent record to establish error, but purports to affirmatively show that the trial court's stated reason for denying his request for leave to amend was legally infirm. Murray nevertheless asserts that "it is entirely possible that discussions and arguments were made at the hearing [which] impacted the outcome of the trial court's exercise of its discretion." However, Murray opposed Wang's attempt to present that very evidence to this court.[2] That is to say, Murray implies that if only we knew what really happened in the trial court, we would reject Wang's appeal on the merits, but also opposed Wang's attempt to bring that evidence before us. Either the oral proceedings included "discussions and argument [which] impacted the outcome of the trial court's exercise of discretion" which would be reflected in a settled statement, or no such discussions and argument transpired, in which case a settled statement or transcript of the proceedings would be unhelpful to our review. Murray cannot have it both ways by insisting that the proceedings before the trial court included statements which supported the court's exercise of discretion, and then thwart Wang's efforts to present this supposedly key evidence.

---

[2] On our own motion, we take judicial notice of Wang's application for permission to prepare a settled statement and Murray's opposition thereto, each contained in the trial court file. (Evid. Code, §§ 452, 459.)

5

Murray also claims that Wang waived his right to challenge the trial court's ruling denying leave to amend by failing to oppose the motion for summary judgment. Murray cites no case in support of the contention, and we know of none. Rather, the Code of Civil Procedure specifies that an intermediate ruling, such as the denial of the motion for leave to amend, although not itself appealable is reviewable upon appeal from the final judgment. (Code Civ. Proc., §§ 904.1, 906.)

We turn now to the merits of Wang's appeal. In its minute order denying the motion for leave to amend, the trial court stated that Wang's "[p]revious failure to file a timely FEHA claim and subsequent failure to allege FEHA claims is not good cause." Plaintiff maintains that "good cause" is not a proper basis for a trial court to exercise its discretion on a motion for leave to amend. Rather, he contends that the legal standard for determining whether to grant leave to amend is timeliness and lack of prejudice. He further maintains that he established that the motion to amend was timely and would not prejudice defendant. Plaintiff therefore concludes that the trial court abused its discretion in denying his motion.

"Motions for leave to amend are directed to the sound discretion of the judge: 'The court may, in furtherance of justice and on any terms as may be proper, allow a party to amend any pleading. . . .' (Code Civ. Proc., § 473, subd. (a)(1).) However, the court's discretion will usually be exercised liberally to permit amendment of the pleadings. (See *Nestle v. Santa Monica* (1972) 6 Cal.3d 920, 939; *Mabie v. Hyatt* (1998) 61 Cal.App.4th 581, 596.) The policy favoring amendment is so strong that it is a rare case in which denial of leave to amend can be justified. (*Douglas v. Superior Court* (1989) 215 Cal.App.3d 155, 158.) 'Leave to amend should be denied only where the facts are not in dispute, and the nature of the plaintiff's claim is clear, but under substantive law, no liability exists and no amendment would change the result.' (*Edwards v. Superior Court* (2001) 93 Cal.App.4th 172, 180.)" (*Howard v. County of San Diego* (2010) 184 Cal.App.4th 1422, 1428.) Indeed, "[o]n a motion for summary judgment "'[w]here the complaint is challenged and the facts indicate that a plaintiff has a good cause of action which is imperfectly pleaded, the trial court should give the

6

plaintiff an opportunity to amend.'" (*Soderberg v. McKinney* (1996) 44 Cal.App.4th 1760, 1773.)" (*Falcon v. Long Beach Genetics, Inc.* (2014) 224 Cal.App.4th 1263, 1280.) "If the motion to amend is timely made and the granting of the motion will not prejudice the opposing party, it is error to refuse permission to amend[,] and where the refusal also results in a party being deprived of the right to assert a meritorious cause of action . . . it is not only error but an abuse of discretion." (*Morgan v. Superior Court* (1959) 172 Cal.App.2d 527, 530.)

In support of the trial court's exercise of discretion in this case, defendant cites two cases, *Bedolla v. Logan & Frazer* (1975) 52 Cal.App.3d 118 and *Record v. Reason* (1999) 73 Cal.App.4th 472, in which the trial courts' denial of motions to amend were affirmed on appeal.

In *Bedolla v. Logan & Frazer, supra,* 52 Cal.App.3d 118, the cross-complainant moved to amend his cross-complaint to conform to proof following trial. Said the court: "the cross-complaint was filed on August 12, 1969, appellant did not move to amend it until February 6, 1973, the fourth day of the trial, and even then it failed to offer any excuse for the tardiness of its application. The law is well settled that a long deferred presentation of the proposed amendment without a showing of excuse for the delay is itself a significant factor to uphold the trial court's denial of the amendment." (*Id.* at p. 136; see also *Nelson v. Specialty Records, Inc.* (1970) 11 Cal.App.3d 126, 139 ["A long (five-year) unexcused delay may be the basis for denying permission to amend pleadings"].)

In *Record v. Reason, supra,* 73 Cal.App.4th 472, the plaintiff was injured when he fell off an inner tube while being towed behind a motor boat. He sued the boat's driver for negligence. The trial court granted summary judgment for the defendant based on primary assumption of the risk, and denied the plaintiff's request to amend the complaint to allege a claim of intentional or reckless conduct based on his declaration that he had asked the defendant to drive the boat slowly since this was his first time on this particular type of tube. The Court of Appeal affirmed the trial court's denial of leave to amend, stating, "Although [the defendant] may have intended the actions he undertook in

7

maneuvering the boat, there is no evidence that he intended to throw [the plaintiff] into the water and cause him to injure his back. Nor was this consequence so inevitable as to transform [the defendant's] actions in maneuvering the boat from negligence to recklessness." (*Id.* at p. 486.) Thus, the court concluded that the proposed amendment did not allege a viable claim. (*Ibid.*; see also *Edwards v. Superior Court* (2001) 93 Cal.App.4th 172, 180 ["Leave to amend is properly denied when the facts are undisputed and as a substantive matter no liability exists under the plaintiff's new theory"].)

Here, there was no long unexplained or unwarranted delay as in *Bedolla v. Logan & Frazer*, *supra*, 52 Cal.App.3d 118, nor did the proposed amendment allege additional facts which failed to state a cause of action as in *Record v. Reason, supra,* 73 Cal.App.4th 472. Rather, the complaint was filed on March 26, 2012, alleging causes of action for wrongful termination in violation of the Labor Code and intentional infliction of emotional distress. On September 26, 2012, the Third District Court of Appeal filed *Dutra v. Mercy Medical Center Mt. Shasta*, *supra*, 209 Cal.App.4th 750, which invalidated Wang's wrongful termination claims. On December 6, 2012, defendant brought a motion for summary judgment, contending that, pursuant to the holding of *Dutra v. Mercy Medical Center Mt. Shasta, supra,* plaintiff was barred from bringing causes of action based on violations of the Labor Code, and further contending that the complaint failed to state a cause of action for intentional infliction of emotional distress. Wang obtained new counsel, who promptly sought leave to amend the complaint to allege facts which stated causes of action under FEHA. Moreover, the FEHA-based claims were timely brought, as Wang had obtained a right to sue letter from the Department of Fair Housing and Employment on June 25, 2012, less than a year prior to the hearing on the motion.

In its opposition to the motion for leave to amend, Murray argued that it would be substantially prejudiced by grant of the motion, citing "yet another lengthy delay of the pending trial date" and the "great expense" of conducting "fresh discovery on a new set of claims." It conceded, however, that the case was barely a year old and acknowledged that Wang specifically disclaimed any need to continue the trial date. Generally

8

speaking, prejudice cannot be shown where "the same set of facts support merely a different theory."  (*City of Stanton v. Cox* (1989) 207 Cal.App.3d 1557, 1563.)  Murray fails to explain why its completed discovery would not be useful in defending the amended complaint which alleges the same essential facts as the original complaint but seeks relief under different legal theories.  In any event, Murray cites no case which supports its assertion that the expense of defending a lawsuit constitutes prejudice sufficient to deny a timely-brought motion to amend.

In sum, under the circumstances of this case, including the lack of demonstrable prejudice to Murray, the strong judicial policy of liberality in the granting of leave to amend requires that Wang be permitted to amend his complaint to allege causes of action under FEHA.


DISPOSITION

The judgment is reversed and the matter is remanded for further proceedings consistent with this opinion.  Consistent with this disposition, Murray's motion for sanctions is denied.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


GOODMAN, J.[*]

We concur:


TURNER, P.J.


KRIEGLER, J.

_____

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9