Filed 8/1/23  Tanasescu v. Simjee CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SEMIRAMIS TANASESCU, | |
| Plaintiff and Appellant, | G061347 |
| v. | (Super. Ct. No. 30-2019-01100016) |
| SOHAIL IDRIES SIMJEE et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Walter P. Schwarm, Judge.  Reversed and remanded with instructions.

Semiramis Tanasescu, in pro. per., for Plaintiff and Appellant.

Peterson, Bradford, Burkwitz, Gregorio, Burkwitz & Su, Thomas R. Bradford, Sherry M. Gregorio, and Irene A. Yousefi for Defendants and Respondents.

Semiramis Tanasescu appeals the trial court's dismissal of her claims without leave to amend because she was a minor without legal representation.[1] During the pendency of her appeal, Tanasescu reached the age of majority, and she is therefore entitled to amend her complaint and proceed in court without representation. Accordingly, we reverse and remand.

FACTS

In 2019, Tanasescu, then a minor, filed this action in propria persona, together with her father (Father) against respondents—dentist Sohail Simjee, his dental clinic, and dental assistant Jolene Voight. They alleged, inter alia, that Tanasescu had suffered injuries due to respondents' neglect in providing her dental care. The trial court appointed Father, who was not an attorney, as guardian ad litem for Tanasescu and directed him to attorney referral services because, as a minor, Tanasescu was required to have legal representation to proceed with her suit. (Weil et al., Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2023) ¶ 2:83, P. 2-39 [minors lack capacity to sue in their own names and must conduct litigation through guardian or guardian ad litem]; *J.W. v. Superior Court* (1993) 17 Cal.App.4th 958, 967 (*J.W.*) [nonattorney guardian ad litem may not represent minor in court; "'The necessity of employment of an *attorney* by a guardian ad litem who is not himself a lawyer is obvious'"].)

Respondents demurred to the complaint and later to a first amended complaint. As relevant here, they demurred to Tanasescu's claims on the ground that she lacked legal representation. The trial court sustained both demurrers as to Tanasescu. Father then filed the operative, second amended complaint, asserting several causes of

---

[1] While the trial court's record refers to Tanasescu using only her initials, we use her full name because she is no longer a minor. We notified the parties of our intent to use her full name and allowed them time to object. Tanasescu objected but provided no grounds justifying continued suppression of her full name.

action on behalf of himself and Tanasescu.[2] The complaint acknowledged that Tanasescu was a minor but stated that her parents had been unable to obtain an attorney for her and could not afford to hire one.[3]

Respondents demurred again, on various grounds, including that Tanasescu lacked legal representation. The trial court again sustained the demurrer as to Tanasescu, this time without leave to amend.[4] The court noted Tanasescu had had more than a year to find counsel after it sustained respondents' first demurrer on the same ground. It later entered judgment dismissing her from the action. Tanasescu appealed. It is undisputed that she turned 18 shortly after she filed her notice of appeal.[5]

---

[2] Most claims against Voight were attributed to Tanasescu alone. One claim asserted against Voight, the seventh cause of action for fraud by concealment, was attributed to both Tanasescu and Father.

[3] During the proceedings, Father asked the trial court to appoint counsel for Tanasescu or to stay the litigation until she reached the age of majority, but the court denied these requests.

[4] The trial court sustained in part the demurrer as to Father's claims, with leave to amend. Among the causes of action for which the court sustained the demurrer was the claim for fraud by concealment. Father later informed the court he did not intend to file another amended complaint.

[5] After Tanasescu filed her notice of appeal, the trial court ordered all further proceedings stayed pending the appeal under Code of Civil Procedure section 916's automatic-stay provision. Nevertheless, the court granted Voight's motion to dismiss her as a defendant, as all claims against her had been dismissed, and issued an order to that effect. Tanasescu then filed a petition for writ of supersedeas in this court, seeking to vacate the order dismissing Voight as violating the stay pending appeal.

Respondents concede that the trial court's dismissal of Tanasescu as a plaintiff implied the dismissal of Voight as a defendant, as no claims remained pending against Voight. Thus, Tanasescu's appeal from the judgment dismissing her encompasses the dismissal of Voight as well. Tanasescu's petition for a writ of supersedeas is therefore denied.

3

DISCUSSION

I. *Standard of Review*

We review the trial court's sustaining of a demurrer de novo and apply the abuse of discretion standard in reviewing the court's denial of leave to amend. (*Young v. Gannon* (2002) 97 Cal.App.4th 209, 220.) "California courts have 'a policy of great liberality in allowing amendments at any stage of the proceeding so as to dispose of cases upon their substantial merits where the authorization does not prejudice the substantial rights of others.' [Citations.]" (*Douglas v. Superior Court* (1989) 215 Cal.App.3d 155, 158.) Thus, "[w]here the defect raised by a motion to strike or by demurrer is reasonably capable of cure, 'leave to amend is routinely and liberally granted to give the plaintiff a chance to cure the defect in question.' [Citations.]" (*CLD Construction, Inc. v. City of San Ramon* (2004) 120 Cal.App.4th 1141, 1146.) Leave to amend must be granted if "'there is a reasonable possibility that the defect can be cured by amendment,'" and "'such a showing need not be made in the trial court so long as it is made to the reviewing court.' [Citation.]" (*Blumhorst v. Jewish Family Services of Los Angeles* (2005) 126 Cal.App.4th 993, 999.)

II. *Analysis*

Assuming, without deciding, that a demurrer is the appropriate procedure to challenge a minor plaintiff's appearance through guardian at litem but without counsel, we conclude Tanasescu is entitled to leave to amend.[6] As noted, it is undisputed that Tanasescu is no longer a minor and thus may represent herself in court. Given these changed circumstances, she could now amend her complaint to omit the allegation that she is a minor and thus cure the procedural defect the trial court relied on in sustaining

---

[6] Given our conclusion, we need not address Tanasescu's contentions that the trial court erred by failing to appoint her counsel and by refusing to stay the litigation until she reached the age of majority. Nor do we address various claims regarding the ability of Tanasescu's mother, who is not a party to this appeal, to participate in the litigation.

respondents' demurrer.  (*Nicolopulos v. City of Lawndale* (2001) 91 Cal.App.4th 1221, 1229  [reversing and remanding to give appellant opportunity to amend complaint based on changed circumstances without addressing whether trial court's ruling was correct when made].)

In their appellate brief, respondents assert conclusorily that Tanasescu's current age is irrelevant.  We invited the parties to submit supplemental briefing on this point, but respondents' supplemental brief cites no authority suggesting that plaintiffs may not amend their complaints based on changed circumstances during the pendency of their appeals.  Instead, respondents state—again, conclusorily—that Tanasescu should not be allowed to "benefit from her refusal to adhere to the law and [the trial court's] orders merely because there was a delay in court proceedings that . . . allowed her to turn 18" and that allowing her leave to amend now would render the ruling in *J.W.*, *supra*, 17 Cal.App.4th at p. 969, "meaningless."  We are unpersuaded.

Respondents point to no authority, and we are aware of none, precluding a plaintiff from amending a complaint based on changed circumstances during the pendency of an appeal.  (*Nicolopulos v. City of Lawndale*, *supra*, 91 Cal.App.4th at p. 1229.)  Nor do we believe such a rule would be consistent with our courts' policy of great liberality in allowing amendments "'at any stage'" so cases may be disposed on their merits.  (*Douglas v. Superior Court*, *supra*, 215 Cal.App.3d at p. 158.)  Further, Tanasescu did not "refus[e] to adhere" to any law or any order by the trial court.  According to the allegations in her second amended complaint, her parents were simply unable to obtain legal representation for her.  The court did not find that the failure to obtain counsel for Tanasescu was a matter of gamesmanship or bad faith; nor do we.  Finally, our holding that, under the circumstances of this case, an adult plaintiff may amend her complaint to omit an allegation that she is a minor has no effect on *J.W.*'s holding that a nonattorney cannot represent a minor as guardian ad litem in propria

5

persona.[7]  (See *J.W.*, *supra*, 17 Cal.App.4th at p. 969.)  Accordingly, Tanasescu is entitled to leave to amend her complaint.

DISPOSITION

The judgment is reversed, and the matter is remanded to the superior court with instructions to grant Tanasescu leave to amend her complaint to omit the allegation that she is a minor.  Tanasescu is awarded costs on appeal.


                                        O'LEARY, P. J.

WE CONCUR:


SANCHEZ, J.


DELANEY, J.

---

[7]         In their supplemental brief, respondents additionally contend, without meaningful argument or citation to authority, that even apart from Tanasescu's prior status as an unrepresented minor, she cannot successfully amend her complaint.  They claim she cannot state valid causes of action due to substantive flaws on which the trial court did not rely.  For example, they assert, without citing to the record, that Father, "in the face of disobeying medical opinion regarding [Tanasescu's treatment], signed a Waiver and Release releasing Respondents of medical claims pertaining to [the treatment]."  We decline to consider these conclusory contentions, which respondents failed to raise in their earlier appellate brief.  The trial court may address these claims in the first instance in entertaining any challenge to Tanasescu's amended complaint.