Filed 9/11/23  Ruiz v. City of Industry CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOSEPH P. RUIZ, | B323687 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 20STCV29058) |
| v. | |
| CITY OF INDUSTRY et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mel Red Recana, Judge.  Affirmed.

Joseph P. Ruiz, in pro. per., for Plaintiff and Appellant.

Casso & Sparks, James M. Casso, Matthew M. Gorman, and Carolin Sahimi for Defendants and Respondents.

Plaintiff Joseph P. Ruiz appeals from the dismissal of his lawsuit against the City of Industry (the City) and Councilmember Newell Ruggles after the trial court concluded that he failed to state a claim under the Ralph M. Brown Act (the Act) (Gov. Code, § 54950 et seq.).[1]  We affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

*Original Complaint*

Ruiz sued the City and Ruggles (collectively defendants) in August 2020.  He alleged causes of action for (1) "Willful Misclassification (Labor Code Section 226.8)" and (2) "Wrongful Termination (Government Code Section 54957)."

Ruiz alleged, in relevant part, that he was employed by the City from October 1999 to August 2015.  In April 2009, Mayor Dave Perez sent Ruiz a letter stating he was reducing Ruiz's monthly pay from $8,000 to $4,000.  The letter indicated the decrease was due to "budget constraints" occasioned by the existing "economic crisis."  Ruiz responded by letter to then City Manager Kevin Radecki, arguing the City had misclassified him as an independent contractor and threatening litigation.  As a result of Ruiz's letter, the "Mayor quickly withdrew his letter and Plaintiff was given more money in monthly salary the following year."

According to Ruiz's complaint, in July 2012, Radecki reduced Ruiz's monthly pay from $11,000 to $4,000 without placing that action on a meeting agenda for the city council to decide.  Ruiz alleged this violated public policy and section 54957. In August 2015, "Paul Philips became City Manager and

---

[1]     All undesignated statutory references are to the Government Code.

2

terminated Plaintiff without cause, reasoning, notice or authority."

Ruiz further alleged that "City of Industry insider Frank Hill told Plaintiff of a conversation he had with Councilman Newell Ruggles' grandmother, Planning Commissioner Andria Welch and aunt to Mr. Ruggles, Laurie Marshall." Hill informed Ruiz that Welch and Marshall were responsible for Ruiz's termination. Ruiz alleged Ruggles caused Philips to terminate him. In August 2018, Ruiz sent an e-mail to the city clerk with the subject line "Claim for Damages." The e-mail alleged Ruggles ordered Philips to fire Ruiz and sought $5 million in damages. Ruiz then filed a lawsuit "per Government Code Section 945.6" after "the City Council did not respond within 45 days of the presentation of the Claim for Damages and therefore it was deemed rejected."

Ruiz sought compensatory and punitive damages in his prayer for relief.

### Demurrer to Original Complaint

Defendants demurred to Ruiz's complaint.

On August 12, 2021, the trial court sustained defendants' demurrer. As to the first cause of action for "willful misclassification," the court concluded there is no private right of action under Labor Code section 226.8. As to the second cause of action for wrongful termination, the court concluded section 54957 provided no basis for Ruiz's claim. The court granted Ruiz leave to amend to state a claim under the Act.

### Amended Complaint

In September 2021, Ruiz filed an amended complaint asserting a single cause of action for "Wrongful Termination per

3

Government Code Section 54957(4)."[2]

The amended complaint alleged in relevant part that Radecki's reduction of Ruiz's pay in July 2012 was improper because such action requires public notice on a council agenda. The complaint asserted Philips also lacked the authority to terminate Ruiz because his termination required consideration in an open session under section 54957, subdivision (b)(4). The city council "was silent" while Radecki altered Ruiz's contract and Philips terminated him "without authority." Ruiz attached as an exhibit a city council agenda from July 26, 2012, listing as one item of consideration the termination of a contract with an entity Ruiz contends was an independent contractor.

Ruiz also alleged the delayed discovery rule rendered his lawsuit timely because he filed a claim with the City on August 9 and 11 of 2018, immediately after learning of the "conspiracy" between Ruggles and Welch to terminate him. Ruiz alleged the City failed to timely respond to his claim under section 945.6, thus his lawsuit filed on August 3, 2020 was within the two-year limitations period.

### Demurrer to Amended Complaint

Defendants demurred to Ruiz's amended complaint. Defendants argued: (1) Ruiz's claim was barred because he failed to exhaust prerequisites under the Act set forth in sections 54960.1 and 54960.2; (2) the delayed discovery rule did not save Ruiz's claim; (3) there is no wrongful termination cause of action under the Act; (4) Ruiz did not allege any improper action by the City's legislative body; (5) Ruiz did not allege any action by

---

[2] Although Ruiz repeatedly referenced section "54957(4)" in the trial court, it is apparent he intended to cite section 54957, subdivision (b)(4).

4

Ruggles that violated the Act; and (6) Ruiz apparently sought monetary damages, which are not available under the Act.

Ruiz opposed defendants' demurrer, arguing he was not required to fulfill the prerequisites to filing suit under the Act because the legislative body did not terminate him; the city manager did. He further argued Radecki and Philips "usurped the power of the city council by terminating the agreements" with Ruiz in violation of section 54957, subdivision (b)(4). Ruiz contended the delayed discovery rule applied because he did not learn about the actions by the "rogue city managers" until Hill informed him in August 2018. Ruiz argued that Ruggles violated sections 54957.7, subdivision (b), and 54959.

The trial court sustained the demurrer without leave to amend. The court noted section 54957 permits a legislative body to hold closed sessions to consider the employment of a public employee (§ 54957, subd. (b)(1)), and the term "employee" includes "an officer or an independent contractor who functions as an officer or an employee but . . . not . . . other independent contractors." (*Id*., subd. (b)(4).) The court reasoned that Ruiz's June 2009 letter to Radecki arguing that he was an employee who had been misclassified as an independent contractor definitively established that he was an "employee" for purposes of section 54957, subdivision (b)(1). The legislative body was therefore entitled to hold a closed session about his dismissal.

The trial court further concluded that Ruiz "[failed] to show that he can pursue damages" under section 54957, as the only damages available are "mandamus, injunction, or declaratory relief." (§ 54960, subd. (a).) Ruiz's amended complaint did not pray for any of those available remedies. Instead, Ruiz's claim to the City indicated he is seeking monetary damages.

5

Finally, the court concluded that section 54960.2 requires an individual to submit a cease and desist letter to the legislative body within nine months of the violation of section 54957 before bringing an action under that section.  In the trial court's view, Ruiz's argument that this prerequisite did not apply because the legislative body did not terminate him was "completely at odds" with his claim that the legislative body violated section 54957.

With respect to Ruggles, the trial court concluded that none of Ruiz's allegations showed Ruggles violated any provision of the Act.  The court did not reach the statute of limitations issue.

Ruiz timely appealed.

## DISCUSSION

### I.  The Trial Court Did Not Err in Sustaining Ruiz's Amended Complaint Without Leave to Amend

On appeal, Ruiz argues his allegation that the city council was required to, but did not, consider his termination in an open and public hearing under section 54957, subdivision (b), was sufficient to state a cause of action for wrongful termination.

We independently review a trial court's order sustaining a demurrer to determine whether the operative complaint states sufficient facts to constitute a cause of action under any legal theory.  (*Centinela Freeman Emergency Medical Associates v. Health Net of California, Inc.* (2016) 1 Cal.5th 994, 1010; *Lee v. Hanley* (2015) 61 Cal.4th 1225, 1230.)  We accept as true all material facts properly pleaded in the operative complaint, but not contentions, deductions, or conclusions of fact or law.  (*Winn v. Pioneer Medical Group, Inc.* (2016) 63 Cal.4th 148, 152; *Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.)  On appeal, we review a trial court's ruling, not its rationale.  Indeed, "[w]e are not bound by the trial court's stated reasons, if any, supporting its

6

ruling . . . ." (*Mendoza v. Town of Ross* (2005) 128 Cal.App.4th 625, 631.)

## A. The Brown Act

The purpose of the Act is to ensure the public's right to attend the meetings of public agencies. (*Freedom Newspapers, Inc. v. Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 823 (*Freedom Newspapers*); *Epstein v. Hollywood Entertainment Dist. II Bus. Improvement Dist.* (2001) 87 Cal.App.4th 862, 868.) To that end, it requires that all "meetings of the legislative body of a local agency shall be open and public, and all persons shall be permitted to attend any meeting of the legislative body of a local agency," except as the Act otherwise provides. (§ 54953, subd. (a); *Freedom Newspapers*, at p. 823; *Golightly v. Molina* (2014) 229 Cal.App.4th 1501, 1512 (*Golightly*).)

The Act only applies to a "meeting" of a legislative body (*Golightly*, *supra*, 229 Cal.App.4th at p. 1514), which is defined as "any congregation of a majority of the members of a legislative body at the same time and location . . . to hear, discuss, deliberate, or take action on any item that is within the subject matter jurisdiction of the legislative body." (§ 54952.2, subd. (a); *Olson v. Hornbrook Community Services Dist.* (2019) 33 Cal.App.5th 502, 514.) The Act also prohibits " 'a series of private meetings (known as serial meetings) by which a majority of the members of a legislative body commit themselves to a decision . . . or engage in collective deliberation on public business.' " (*Page v. MiraCosta Community College Dist.* (2009) 180 Cal.App.4th 471, 503–504 (*Page*), quoting *216 Sutter Bay Associates v. County of Sutter* (1997) 58 Cal.App.4th 860, 877; see

7

§ 54952.2, subd. (b)(1) [statutory provision prohibiting serial meetings].)

Section 54960 permits "any interested person" to "commence an action by mandamus, injunction, or declaratory relief . . . to determine the applicability of this chapter to past actions of the legislative body, subject to Section 54960.2 . . . ." (§ 54960, subd. (a).) Section 54960.2 requires any "interested person alleging a violation" of the Act to first submit "a cease and desist letter" to the clerk of the legislative body being accused of the violation "within nine months of the alleged violation." (§ 54960.2, subd. (a)(1), (2).) The legislative body has 30 days to respond to a cease and desist letter (*id.*, subd. (b)), after which "the party submitting the cease and desist letter shall commence the action" within 60 days "or thereafter be barred from commencing the action." (*Id.*, subd. (a)(4).)

**B. Ruiz's operative complaint does not allege a violation of the Act**

A plaintiff alleging a violation of the Act must show: (1) the local legislative body violated one or more of the Act's provisions; (2) the legislative body took action in connection with the violation; (3) a timely demand for the legislative body to cure the improper action; (4) the legislative body did not cure the action; and (5) prejudice from the violation of the Act. (*Julian Volunteer Fire Co. Assn. v. Julian-Cuyamaca Fire Protection Dist.* (2021) 62 Cal.App.5th 583, 601 (*Julian*).)

The Act generally prohibits a legislative body from holding meetings that are not open to the public. Ruiz asserts defendants violated this prohibition, yet the amended complaint fails to allege the occurrence of any "meeting" among a "majority of the members of a legislative body" in violation of the Act. (§§ 54953,

54952.2, subds. (a) & (b)(1).) Ruiz alleges he "was terminated by city manager Paul Philips in August 2015"; City Manager Radecki reduced Ruiz's pay in July 2012; and there was a "conspiracy to terminate" Ruiz between Ruggles and Welch. None of these allegations describe a prohibited "meeting." Nor do they allege any behavior by Ruggles that would constitute a violation of the Act. Although the City of Industry City Council is a "legislative body" subject to the Act (§ 54952, subd. (a); *Boyle v. City of Redondo Beach* (1999) 70 Cal.App.4th 1109, 1116), Ruiz does not allege a majority of its members met in private to discuss his termination or pay reduction. To the contrary, he alleges the "City of Industry [City] Council was *silent*" as Radecki reduced Ruiz's pay and Philips terminated his contract "without authority." To the extent Ruiz's claim is premised on Ruggles's communication with Welch, it fails because individual conversations between a member of the city council and another person fall outside the scope of the Act's open meeting requirements. (§ 54952.2, subd. (c)(1) [expressly excluding "[i]ndividual contacts or conversations between a member of a legislative body and any other person"]; *Page, supra*, 180 Cal.App.4th at p. 504.)

Further, the amended complaint does not allege Ruiz complied with section 54960.2's requirement that a prospective plaintiff submit a cease and desist letter to the legislative body within nine months after the alleged violation before that plaintiff may file an action under the Act. Ruiz argues that he did not need to fulfill that requirement because his pay reduction and termination were not actions of a legislative body. The trial court aptly noted that this contention undermines Ruiz's claim under the Act, as it concedes the legislative body took no action in

9

connection with any violation of the Act—an element essential to Ruiz's claim.  (See *Julian*, *supra*, 62 Cal.App.5th at p. 601.)

While Ruiz's claim could be understood as asserting it was defendants' failure to take collective action that violated the Act, he identifies no provision of the Act that required the city council to discuss his pay reduction or termination in a meeting.  Indeed, the only provision Ruiz relies upon is the "personnel exception" to the Act's open meeting requirement.  We agree with the trial court that this provision does not provide a legal basis for Ruiz's claim.

Under section 54957, subdivision (b)(1), the Act "shall not be construed to prevent the legislative body of a local agency from holding closed sessions during a regular or special meeting to consider the appointment, employment, evaluation of performance, discipline, or dismissal of a public employee or to hear complaints or charges brought against the employee by another person or employee unless the employee requests a public session."  Subdivision (b)(4) of the same section provides: "For the purposes of this subdivision, the term 'employee' shall include an officer or an independent contractor who functions as an officer or an employee but shall not include any elected official, member of a legislative body or other independent contractors.  This subdivision shall not limit local officials' ability to hold closed session meetings pursuant to Sections 1461, 32106, and 32155 of the Health and Safety Code or Sections 37606 and 37624.3 of the Government Code.  Closed sessions held pursuant to this subdivision shall not include discussion or action on proposed compensation except for a reduction of compensation that results from the imposition of discipline."

10

Although the statute thus permits certain employment matters to be considered in closed sessions, section 54957 cannot be read as independently requiring the legislative body to engage in "collective decisionmaking" or "collective action" on all personnel issues. (See *Golightly*, *supra*, 229 Cal.App.4th at pp. 1513–1514 [legislative body could delegate administrative authority; decisionmaking by individual public officials not subject to Act].) Although Ruiz contends defendants engaged in improper acts by not conducting a meeting, or by allowing the city managers to "usurp" the City's authority, these allegations are not tethered to any valid legal theory or supported by any legal authority. Other than section 54957, subdivision (b)(4), Ruiz has not identified any law he claims defendants violated by failing to hold a meeting to terminate his employment or contract. In the absence of any allegation that a meeting took place within the meaning of the Act, or any legal basis to support the argument that a meeting was required, the "personnel exception" to the open meeting requirement is inapplicable.

Finally, the remedies available for a violation of the Act are limited to "mandamus, injunction, or declaratory relief." (§ 54960.) Ruiz's amended complaint did not seek any of these remedies, and it expressly alleged that Ruiz "is not attempting to nullify" any action. The allegation that Ruiz submitted a "Claim for Damages" with the City in August 2018 showed he is seeking monetary damages, which are unavailable under the Act.[3]

---

[3] Because we conclude his complaint otherwise fails to state a claim under the Act we need not consider Ruiz's argument that the delayed-discovery rule saves his claim from being barred by the statute of limitations.

11

We further conclude Ruiz's amended complaint does not state a claim for wrongful termination in violation of public policy.  The policy underlying such a claim "must be supported by either constitutional or statutory provisions." (*Stevenson v. Superior Court* (1997) 16 Cal.4th 880, 890.)  Yet the only statutory provisions the amended complaint cites are those comprising the Act, and for the reasons discussed above, the complaint failed to allege a violation of the Act.  (See *City of Moorpark v. Superior Court* (1998) 18 Cal.4th 1143, 1159 [common law cause of action for wrongful discharge cannot be broader than the statute on which it depends]; accord *Dutra v. Mercy Medical Center Mt. Shasta* (2012) 209 Cal.App.4th 750, 756 [when statute articulating a public policy includes limitations in scope or remedy, those limitations also circumscribe common law wrongful discharge cause of action].)

Ruiz has not shown any reasonable possibility he could amend his complaint to state a claim under the Act.  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 [plaintiff has burden of proving an amendment would cure defect].)  The trial court did not abuse its discretion in denying leave to amend.

## DISPOSITION

The trial court judgment is affirmed.  Defendants to recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

EGERTON, J.

13